Lipscomb, J.
This suit was on the issue made up under the statute to try the right of property. It appears from a bill 'of exceptions taken on the trial that the plaintiff offered in evidence the copy of a bill of sale taken from the records of the superior court of one of the counties in the state of Georgia, for the sale of a negro boy named Moses, from one Robert Kelton to Milton S. Kelton. It was proven by the evidence of B. C. Franklin, Esq., that he had compared the copy with the record, and that it was a true copy. He testified that the original bill of sale was not in his possession as attorney, and that he did not believe it was in the possession of the plaintiff. This testimony was rejected by the court.
There can be no doubt but sworn copies of records of another country can be given in evidence when better testimony cannot be procured. But then, the party using them must show that they are the records of the court, by other testimony. They do not in their case, when so presented, make their own proof; this should be made out by proof aliunde. It should be shown that by the laws governing the court, they are authorized and required to make such records; and it should also be shown that the law requires such instruments to be recorded. The proof on this subject is not sufficiently explicit; it only shows that the clerk, as such, was the keeper of the records of bills of sale, etc., without showing that he was made so by law. The law should have been proven, as any other fact, if it was only a usage that had acquired the force of law, it should have been proven as such; if it was by a written law, a statute, it should have been proven by the production of the statute. Again, in order to enable this court to revise the decision of the court below, in excluding testimony, the relevancy of the evidence excluded should be made to appear either by the bill of exceptions or some part of the record, that it was relevant to the issue. It does not appeafr that the defendant was ever in possession of the slave under the bill of sale, or that he ever claimed under it. We cannot then say that the judge erred in rejecting it when offered.
It may be further remarked, when the record of a deed or bill of sale is offered in evidence, the presumptions are not so strong in favor of its being in conformity to law, as they would be in favor of a judgment. The presumption in the latter case would be in favor of the court having jurisdiction, and that its proceedings had been legal until it appeared otherwise.
The judgment of the court below must be affirmed.