[279] JAMES MORGAN VS. THE REPUBLIC OF TEXAS — Appeal from Galveston County.

In a sale of personal or other property, it is not fraud *per se* that the property remains with the vendor. It is an evidence of fraud which may be explained or rebutted. [1 Tex. 415; 8 Tex. 33.]

The republic of Texas, having obtained a judgment against William D. Lee, an execution sued out upon that judgment was levied upon a negro man named Edward, as the property of Lee.

Morgan, the appellant, replevied the negro, and interposed the claim as trustee for one Eli Hart.

At the trial the appellant introduced as the evidence of his right to the negro, a bill of sale from William D. Lee, dated August 10, 1840, which sale was made for the use and benefit of Eli Hart of New York. The judge charged the jury, that "if they believed from the evidence that the slave levied on by the sheriff remained in possession of Lee after the execution of the bill of sale to Morgan, in trust for Hart, and was in Lee's possession at the time of the levy, they are instructed that the bill of sale is deemed fraudulent in law against creditors, and the slave subject to the execution."

To this charge the claimant excepted, and there having been a verdict and judgment in favor of the plaintiff in execution, the cause was brought into this court by appeal. There was no statement of facts sent up.

*Franklin*, for appellant.

*Harris*, Attorney General, for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

This question underwent the most patient and thorough [**280**] investigation in the case of Bryant v. Kelton, 1 Tex. 434, at the last term, and the opinion of the court in that case settles the law on sound principles.

According to the rule then laid down, the facts assumed in the charge of the court in the case at bar, *as constituting fraud*, were held to be only *prima facie evidence of fraud*, and susceptible of explanation before the jury.

The judgment must be reversed and the cause remanded.