FRANCISCO ARMENDIAZ V. MARIA ANTONIA DE LA SERNA.

1. On demurrer to a petition the court will determine its sufficiency by the law of the State.
2. Foreign laws must be averred and proved as facts.

3. It is error to dismiss a petition on demurrer for insufficiency under the laws of Mexico, the alleged residence of the parties, and where the alleged contract sued on was executed.

#### ON REHEARING.

4. A plea to the jurisdiction alleging the non-residence of the parties, and that the defendant had no assets in the State, not contradicted on the record, *held* to be good, and the action overruling it erroneous.
5. That garnishees had not answered as to their indebtedness to the defendant, and that a suit was pending by defendant against a resident of the State, who, in his answer as garnishee, had denied owing defendant, do not rebut the denial of assets made in the plea to the jurisdiction.
6. This court will not examine a record in another suit to ascertain an important fact which should be shown in the record under consideration.
7. If a cause of action appear under the laws of the forum, the demurrer thereto should be overruled.
8. In the absence of allegation and proof of a foreign law as a fact, the law of the forum will govern.
9. If a petition allege the terms of a foreign law, on demurrer the court will regard the allegations as to the foreign law admitted.
10. Protest and notice are not required by the laws of Texas or commercial law to charge the drawer when it is shown that he had no funds, or had drawn without authority.
11. Courts will not ordinarily regard the revenue laws of a foreign State as affecting a contract sought to be enforced by parties within their jurisdiction.

ERROR from Cameron. Tried below before the Hon. W. H. Russell.

This is a suit on a bill of exchange for $5,016.90, drawn by the defendant at Soto de la Marina, in Mexico, on the fifteenth of June, 1865, on one Diego de la Lastra, of Tampico, in favor of Ysmael Rodriguez as agent and attorney in fact of the plaintiff.

The case was dismissed in the court below in pursuance of its ruling sustaining two causes of special demurrer to the plaintiff's petition and amended petition, together with his refusal to further amend.

The causes of demurrer and special exception sustained by the court are as follows:

" 6. That the said instrument set out in the petition ap-

pears to have been executed in the Republic of Mexico, and it does not appear that the same was executed on the sealed or stamped paper required by the laws of the said Republic in order to be a valid instrument in law."

"3. The said amended petition, as well as the original petition, does not set out that the said draft was protested for non-acceptance, or protested for non-payment, with notice of such protests to defendant, or any other person interested in said draft, and in order to fix the liability of this defendant therein ; wherefore, by the laws of Mexico, where said draft was drawn and made payable, the said draft cannot be sued upon."

The judgment sustaining the foregoing grounds of demurrer was made without proof of what was the law of Mexico upon the subject.

The plaintiff thereupon filed a motion and supplemental motion to set aside the judgment sustaining the above stated grounds of special demurrer or exception, for the reasons therein set forth.

On this motion being called up, it was objected by the defendant that it could not be entertained, by virtue of Rule 5 for the District Courts, adopted by this court May 2, 1871. The court sustained the objection of the defendant, and refused to entertain the plaintiff's motion or hear the proofs offered in support of the same.

*Frank E. McManus,* for plaintiff in error.—The court erred in its ruling based upon the alleged foreign law without proof of what that law was. (1 Greenleaf, Secs. 486–488; Bryant v. Kelton, 1 Texas, 434; Crosby v. Huston, 1 Texas, 203.)

It is further submitted, that the court below erred in the harsh construction given to the fifth of the rules for the District Courts. It was not designed by that rule to interpose an impassable barrier to the assertion of a legal right in any of the modes authorized by law or sanc-

tioned by the practice and usages of courts of law and equity.

The court below had not "pronounced its opinion" upon the motion to set aside and overrule a previous interlocutory judgment on the ground of alleged error, which was a new proceeding in the case, but declined to entertain the motion, or to listen to evidence in support thereof designed to point out that error.

To justify the judgment of the court below in sustaining the third ground of special demurrer, it should not only have been proved that by the general law of Mexico relating to bills of exchange the failure to protest and give notice to the drawer was fatal to plaintiff's cause of action, but that the circumstances connected with the drawing of the bill sued on did not place this bill within the exceptions to the general laws dispensing with protest and notice, which are in force not only in Mexico, but in this State and in all civilized countries. One of those causes which excuse or justify a failure to protest or give notice arises where the drawer is without funds in the hands of the drawee—a controlling circumstance in the present case—against proof of which the ruling of the court below has shut the door. (Story on Bills, Secs. 275–280; Parson's Mer. Law, p. 118; Byles on Bills, p. 148; Spanish Mer. Code, Arts. 490, 453, 484; Mexican Code, Art. 382; 1 *Pardessus Traité du Contrat et des Lettres de Change*, par. 406, p. 376; Thatcher v. Mills, 14 Texas, 16; Wood v. McMeans, 23 Texas, 484.)

A reversal of the judgment of the court below is asked—

1. Because of the manifest error of its ruling on a foreign law, without proof of what that law was.

2. Because the court below erred in refusing to entertain the motion or hear evidence to show its ruling to have been erroneous in view of the actual foreign law governing the point at issue.

*Powers & Maxan,* for defendant in error, filed an elaborate brief upon the laws of Mexico on the subject in litigation, and insisted that she is not subject to be sued in the courts of this State; that she being a non-resident, no jurisdiction attaches against her until it be shown that she has property within this State, and that the same be actually seized; that the actual seizure of her property in the absence of her person is the only means by which jurisdiction against her can attach; that it is not sufficient, as held by the District Court, for the plaintiff simply to allege in his petition the presence in this State of property of the defendant; that if this were the case, jurisdiction could be invoked of any and all persons, wherever resident, throughout the world. (See Ward v. Lathrop, 4 Texas, 180; Campbell v. Wilson, 6 Texas, 379; Tulane v. McKee, 10 Texas, 335; Haggerty v. Ward, 25 Texas, 144.)

But the question seems to have been definitely settled in the case of Stoddart *et al.* v. McMahan, 35 Texas, 267. In that case the court says: "It is by the levy and return of the sheriff that the jurisdiction of the court attaches; and therefore if he should fail to attach the property of the defendant, or fail to make a return specifically that he had attached the property of defendant, his acts would fail to give the court jurisdiction, and no presumption could be brought to bear to cure this defect, or validate any action of the court by virtue of the levy. (Clay v. Nelson, 5 Randolph's R., 596; Irons v. Allen, Hardin's Ky. R., 44; Anderson v. Scott, 2 Mo., 15; Bradford v. Gillespie, 8 Dana's Ky. R., 69.) In the case of Tiffany v. Glover the court say, 'It is only by the return that the court is advised of the levy; especial judgment and execution can only be awarded upon sufficient levy, and this must be ascertained by the officer's return.' The doctrine as announced in that case is believed to be the law when applied to attachments issued for the purpose of

giving the court juirsdiction," etc. (Stoddart v. McMahan, 35 Texas, 267.)

The defendant therefore submits that as the return of the sheriff in this case shows that no property was found, no jurisdiction obtained as against her, and her plea to the jurisdiction should have been sustained.

The defendant submits that the plea to the jurisdiction, though sworn to, may nevertheless stand as an exception in this respect, the record on its face disclosing a total want of jurisdiction. (Higgins v. Frederick, 32 Texas, 282 ; Shropshire v. Dunson, 32 Texas, 467 ; Salinas v. Wright, 11 Texas, 572; Waller v. Huff, 9 Texas, 530.)

WALKER, J.—This action is founded on a draft for $5016.95, drawn at Soto de la Marina, in Tamaulipas, Mexico, in favor of Ysmael Rodriguez, on Don Diego de la Lastra, of Tampico. The original petition was excepted to for want of protest and proper execution on stamped paper, under the laws of Mexico.

The court erred in sustaining the exception without proof of the Mexican law. The laws of foreign States must be proved.

In an amended petition the plaintiff denied the right of the defendant to notice and protest, upon the ground that she had no funds in the hands of the drawee to meet the draft, and that she was not a creditor of the drawee, and the laws of Mexico are again appealed to as authority dispensing with notice and protest in like cases. And here is another logical contest in the pleadings over the laws of Mexico ; for the defendant excepted to the amended petition on the ground that the laws of that country make notice and protest an indispensable prerequisite to fix the liability of drawers and endorsers.

The plaintiff, in the amended petition, undertakes to excuse the want of proper stamped paper in the execution of the bill, on the ground that the article could not

be had in the market at the time the bill was drawn, and that by subsequently affixing the necessary stamped paper to the bill it was made good. This was excepted to as not being in accordance with the law of Mexico. This exception was sustained by the court, and judgment *respondeat ouster*, to which the plaintiff excepted.

At a subsequent term of the court, the plaintiff moved the court to set aside its rulings on the defendant's exceptions to the original and amended petitions. The court overruled the motion, and the plaintiff excepted. The motion was properly overruled, coming as it did too late at the subsequent term of the court. (See Rogers v. Watrous, 8 Texas, 65.)

The rights of the plaintiff, as well as those of the defendant, can still be considered by the courts. This bill being drawn in a foreign country, and to be paid there, must be governed by the *lex loci contractus;* and when we have proof of the Mexican law, we may then, so far as applicable, administer those laws under the *lex fori*. If we knew what were the ordinances of Bilbao, and what was the code of Commerce, and had somebody to swear to them, we could then probably determine with readiness whether the drawer of this bill was liable or not. Like information would enable us to pass upon the question of essentiality in executing a bill on unstamped paper; but it may be borne in mind, that the courts of this country, following, perhaps, the example of the English courts, do not attempt to enforce the revenue laws of other countries. (1 Johnson R., 96; Holman v. Johnson, Cowp., 343.) This case was dismissed in the District Court on the pleadings. The rulings proceed upon the ground that the instrument sued on was not executed on stamped paper, as required by the law of Mexico; and, secondly, that the plaintiff did not set out the protest of the bill. This judgment appears to have been without proof of the Mexican law, and was erroneous. (1 Greenleaf, Secs.

486–488; Bryant v. Kelton, 1 Texas, 434; Crosby v. Huston, 1 Texas, 203.) It is claimed, that by the laws of Mexico the drawer having no funds in the hands of the drawee to meet the draft, notice and protest is dispensed with. This is certainly a well settled rule of law, and it is claimed to apply to this case. We think the judgment of the District Court should be reversed, however, because of its ruling upon the law of a foreign State without proof of the law, and because of the refusal to hear evidence of the law. The counsel for defendant very ably discuss the laws of Mexico; but unless those laws were proven the courts of this country may not know what they are. They are not here published by authority. We must not be understood as deciding that the rulings of the District Court are absolutely erroneous as to what may be the law of Mexico, but that it was error to decide upon those laws without their being proved. The question of jurisdiction in this case may be regarded as settled by our opinion in No. 570. The garnishee, San Roman, was liable to Madame Serna in the amount of the Scanlan draft ; and he being a citizen of Texas gave the court jurisdiction.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.

Opinion rendered September 15, 1873.

*Hancock, West & North* filed a motion for defendants in error for rehearing, which was granted.

ON REHEARING.

*William Alexander*, having filed a motion that this and the following case be heard together, in behalf of Armendiaz and San Roman argued :—

Armendiaz sued Serna on a draft drawn by Serna on Lastra, in favor of Rodriguez as agent and attorney in fact of Armendiaz, for the sum of $5,016.90. Serna sued San Roman, who was garnisheed in the suit of Armendiaz, for $3752, for which Scanlan had drawn a draft on San Roman, in favor of Serna, on the strength of a certificate of deposit addressed to nobody—after Scanlan had given notice that he had wrongly drawn on San Roman, and ought to have drawn on Armendiaz.

It is clear that if Serna had a right to recover from San Roman, the court had jurisdiction of the suit of Armendiaz. In that case there must have been assets in Brownsville, Texas—San Roman being averred to be of that city—on which the attachment and garnishment of Armendiaz might have been levied, and out of which *pro tanto* the demand of Armendiaz might be satisfied.

If San Roman owed Serna—as Serna avers, and hence is estopped of record from denying—$3752, the fact that San Roman, when garnisheed, denied that he owed that debt did not oust the jurisdiction of the District Court. Armendiaz had the right to contest the truth of San Roman's answer as garnishee. That answer specially refers to and denies the debt he is sued for, and for which, with interest, judgment went against him in the sum of $4094.68.

Armendiaz was entitled to have the truth of the answer of San Roman as garnishee tried by a jury.

He was prevented from doing so by the unceremonious dismissal of his suit in consequence of his refusal to further amend his sufficient petition and amended petition. The dismissal occurred on September 12, 1871.

On June 21, 1871, Serna recovered judgment against San Roman for $4094.68.

The verdict and judgment in suit 570, decided in June, demonstrate that the court had jurisdiction, and that the jurisdiction had attached by means of the garnishment

of San Roman of the suit of Armendiaz, which was dismissed in the September following.

Serna, having taken no cross-appeal in these cases, is precluded from affirmatively asserting any proposition which could only be brought before the court by a cross-appeal. The court below erred in sustaining the sixth cause of demurrer relied on by Serna.

The drafts sued on by Armendiaz, who was not permitted to prove that Serna had no funds in the hands of Lastra to meet it, did not need a Mexican stamp in order to make it actionable in Cameron county, Texas, where Serna had funds. Our courts "do not sit to enforce the revenue laws of other countries." (Ludlow v. Van Renssalaer, 1 Johns., 96.)

It is well settled by the English courts that no country takes notice of the revenue laws of a foreign State. (Holman v. Johnson, Cowp., 343; Jones v. Cateswood, 3 D. & R., 190.)

There was no jury in case No. 569. The Mexican laws in relation to protest, etc., were not proven as facts before a jury, as foreign laws are required to be proven.. (Bryant v. Kelton, 1 Texas, 434; Crosby v. Houston, 1 Texas, 203.)

The court below erred in sustaining the third cause of demurrer, in so far as it assumed to know the laws of Mexico.

In case No. 570, it is submitted that Serna had no right to recover against San Roman on a certificate of deposit addressed to nobody. Scanlan gave notice that he had drawn on it improperly.

It has been held in regard to a similar certificate that the party who made advances on the credit of the same was bound to make the necessary inquiry to learn that the same had not been paid. (Ranger v. Sargent, 36 Texas, 26.)

Serna made no such inquiry. Scanlan gave the information without any inquiry having been made.

In view of the authorities cited, the charge of the court in No. 570 is so erroneous as to require that the judgment be reversed.

It is also submitted that in No. 569 the judgment should be reversed and the cause remanded, in order that Armendiaz may be enabled to recover $5016.90, for which Serna gave a draft on Lastra, while having no funds in his hands.

GRAY, ASSOCIATE JUSTICE.—This cause comes before us after a rehearing had been granted and former judgment remanding it had been set aside upon motion of defendant in error, who insists that the judgment of the court below should not only be reversed, but the suit dismissed for want of jurisdiction in the District Court.

The record discloses a suit by plaintiff in Cameron county, in which he alleges that both he and the defendant are now residents of this State, but that defendant had property in this State liable to attachment. He does not allege the locality of the property, nor of what it consists, but he applied for and obtained a writ of garnishment against parties supposed to be indebted to defendant, one of whom was Joseph San Roman. The writ of attachment was returned by the sheriff of Cameron county, "no property found."

The writs of garnishment, though served, do not appear to have been answered by all the garnishees, and those who do answer deny all indebtedness to or possession of defendant.

San Roman in his answer states that he has been sued by defendant, who claimed that he was liable to her on his certificate of deposit in favor of one William Scanlan, and an order in her favor by Scanlan on him, but that he was not so liable to her, because Scanlan had withdrawn his deposit by draft in favor of another party in Mata-

moros before the date of his order in favor of defendant, and that in fact he did not owe defendant or Scanlan.

In this state of the record, the defendant, Madame Serna, by her attorney, on the tenth day of June, 1871, filed a plea to the jurisdiction of the court, admitting that she and plaintiff were non-residents, and expressly denying that she had any property in this State liable to either attachment or execution, either at the institution of this suit or since.

On the fourteenth of June, 1871, this plea was heard and argued, and it was ordered and adjudged by the court that said plea was insufficient and that the same be overruled. From the language of this entry, it appears that either the court decided upon parol demurer to the plea itself, or upon consideration of the record as it then stood. No default had been taken against the garnishees who failed to answer, so that no presumption of indebtedness or ownership of property or effects in their hands was raised. The answers of others, denying all indebtedness, etc., until controverted on oath, as required by statute (Paschal's Digest, Art. 161), were to be taken as true. The mere pending of a suit against San Roman by defendant, disclosed by his answer, but accompanied by a denial of its justice and of his liability, afforded no evidence of his indebtedness or having property, against his denial under oath. The sheriff, too, had returned the writ of attachment, "no property."

The plea on its face, then, if admitted to be true by demurrer, and also the record as it then stood, negatived the existence of the most important jurisdictional fact alleged, to-wit, that defendant had property in the State, and the plea should have been sustained. It was error to overrule it, because if true that neither of the parties were residents, and defendant had no property in the State liable to attachment, the proceedings were void for want of jurisdiction, as has repeatedly been decided.

(Haggerty v. Ward, 25 Texas, 144; Merchants' Insurance Company v. Brown, 38 Texas, 230.) If, however, the plea had been sustained, the plaintiff would have had the right to try the issue of property, and to have controverted the truth of the garnishee's answers, if he saw fit so to do; and if, upon such trial, it should be found that the facts were against the plea, the court then had jurisdiction to proceed with the cause, and not otherwise.

As the plea was overruled, though erroneously, there was no necessity for plaintiff to make and try the issue of fact; but he had the right to do so, and ought not to be deprived of it by a judgment dismissing his suit, unless the judgment to that effect on the subsequent proceedings was rightfully rendered against him.

In this connection it is proper to observe, on the suggestion of counsel for plaintiff, that this court should examine the record of the suit here pending on appeal, between the defendant and San Roman, to determine his liability to her, in aid of the jurisdiction of the court below; the court is of opinion that such examination of another record, not in evidence in the record of this cause, would be wholly improper in any point of view. The merits or correctness of decisions made in one case can never be dependent on the contingency of a decision not made final in another, nor put in evidence in the cause at the time of such decision in the first. Moreover, it is believed that such a practice of referring to other records or matters *dehors* that which is under consideration, would be fraught with dangerous consequences and tend to unjust decisions between litigants. The hearing and decision here should and is required by law to be exclusively upon the record of each cause here appealed, just as it stood in the court from which it is brought.

Upon the subsequent proceedings, the material questions arise (upon rulings and special exceptions or demurrers of defendant to plaintiff's petition and amendments)

as to matters of law which were decisive of the case, both on the pleadings and evidence on trial.

The plaintiff's suit was based on a bill of defendant, drawn at Soto de la Marina, in Mexico, on the fifteenth of June, 1865, in favor of plaintiff, a resident of that Republic, upon Diego de la Lastra, a merchant of Tampico, in the same country, for $5016.90.

In stating his cause of action plaintiff alleged these facts, but made no allegation whatever as to the laws of Mexico relating to such contracts or any other matters. He averred that the bill was given for value received, and had been duly presented and dishonored by the drawee, and that the drawee in fact had no funds of defendant on which she was authorized to draw, and that she was duly notified of its non-payment; though no averment was made that this had been done by notarial protest and notice.

To this petition the defendant answered by general and special demurrers, and by pleas of want of consideration, etc. The special causes of demurrer which were sustained by the court were, that the bill was not on stamped paper, and that no protest and notice were alleged—both of which it was argumentatively averred in the demurrer were necessary according to the laws of Mexico. After the ruling sustaining these grounds upon the law of Mexico, plaintiff amended; among other things averring that by those laws stamped paper was not required under the special facts alleged, and that by those laws want of funds in the hands of a drawee dispensed with necessity of notice and protest to the drawer of a bill. Again defendant demurred, and the demurrer was sustained, although it admitted the facts alleged by the amended petition.

Now, the original petition not having averred the laws of Mexico, could not be tested as to its sufficiency by them upon demurrer. In the absence of allegation of

the facts of a foreign law governing the contract, and what that law was, the court could not judicially know of them, and the *lex fori* would govern the case from necessity, for no other law can be presumed; neither could any argumentative demurrer, compounded of law arising on facts alleged by plaintiff and of facts alleged in demurrer, be entertained. The Mexican laws could not be before the court without proof as well as allegation, and no evidence could be heard on a demurrer. The case then stood on the original petition, to be determined by the law of the forum, and by its provisions the plaintiff had shown good cause of action.

Protest and notice are not required by the laws of Texas or commercial law to charge the drawer when it is shown that he had no funds, or had drawn without authority.

Again, after the plaintiff had amended and averred that the Mexican law, as matter of fact, was the same in its provisions, the demurrer necessarily admitted the fact to be as alleged. Defendant could not controvert that fact otherwise than by plea taking issue on it, or setting up as matter of fact what the foreign law was. If the Mexican law was as averred, and what the demurrer admitted it to be, the plaintiff had good cause of action by that law also, and the demurrer should have been overruled.

The same principle applies to the matter of necessity for stamped paper, with the further objection that it has sometimes been held that the courts of one country do not ordinarily consider themselves bound to decide upon the effect of the revenue laws of another upon the validity of contracts made there and sought to be enforced by parties within its jurisdiction. Whether this doctrine applies to a case like the present, where all the persons are residents of the foreign country whose laws are in question, it is not necessary now to decide.

The court is of opinion that the erroneous rulings on the pleadings were so manifestly decisive of the plaintiff's case that it is unnecessary to consider the record further, except to say that these errors were not cured by the subsequent action of the court.

The judgment must therefore be reversed and the cause remanded.

REVERSED AND REMANDED.