JOHN ANDERSON AND J. P. GAILBREATH v. HERMAN LEVYSON.

(No. 696, Op. Book No. 2, p. 98.)

APPEAL from Caldwell County. Opnion by WALKER, A. S., J.

§ 926. *Consideration; credit upon antecedent debt.* A credit upon an antecedent debt is a sufficient consideration to support a *bona fide* sale of property. The rule which requires an *actual* payment, and which is not satisfied with a credit upon a debt, only obtains where a purchaser seeks to cut off a prior equity or unrecorded deed by his purchase without notice.

§ **927.** *Sale of personal property; when complete; delivery.* L. owed appellee, and in payment of the debt sold him one hundred bushels of wheat at a stipulated price. The wheat was in L.'s granary in bulk with other wheat, from which it was not separated. At the time of sale it was agreed that the wheat should remain in the granary until called for by appellee, and to be at his risk. While in this state, it was seized under execution by appellants, they having notice of the facts, and sold, and this suit was brought by appellee for the value of the wheat and for damages. *Held,* 1. Nothing remained to prepare the wheat for delivery. The price had been agreed on and fully paid. By the terms of the contract the delivery was dispensed with by the express stipulation that it should remain where it was, at the buyer's risk, until called for. The sale was completed. "Delivery, as between the parties, is not essential to the completeness of a sale of a chattel unless made so by the terms of the bargain " [Cleveland v. Williams, 29 Tex. 204], or unless the contract fail to show a completed sale or a transition of property thereby. Non-delivery may be explained, the court investigating being the judge of the sufficiency of the explanation. [Bump on Fraud. Con. 187, 188; Bryant v. Kelton, 1 Tex. 434; 1 Pars. on Con. 529, 530.] It is an elementary rule that property in a chattel does not pass from vendor to vendee until everything has been done by the seller required by the contract, or until the property is separated and delivered to the buyer; but this rule does not prevent a buyer from contracting with the seller so as to dispense with such actual and technical delivery. Such a contract would be valid and defeat a levy by a creditor with notice. 2. In a bargain and sale, the thing which is the subject of the contract becomes the property of the buyer the moment the contract is concluded, and without regard to the fact whether the goods be delivered to the buyer or remain in the possession of the vendor. In an executory agree-

ment of sale, the goods remain the property of the vendor till the contract is executed. In the one case, A. sells to B.; in the other, he only promises to sell. In the one case, as B. becomes the owner of the goods themselves as soon as the contract is completed by mutual assent, if they are lost or destroyed, he is the sufferer. In the other case, as he does not become the owner of the goods, he is not the sufferer if they are lost. [Benj. on Sales (1st Am. ed.), §§ 308, 309; Story on Con. § 800; Cleveland v. Williams, 29 Tex. 204; 1 Par. on Con. 529, 530.] 3. The intent of parties to a contract is to govern in its construction. In this case it was clearly and unequivocally manifested by the contract that it was the intent of the parties that the property in the wheat should at once pass to appellee, without further action, and that he thereby became the owner of it, and appellants, having notice of these facts at the time of the levy upon and sale of the property, could only avoid the sale and make the property subject to the execution by alleging and proving that the sale was fraudulent, for the purpose of hindering, delaying or defeating the creditors of L.; and it was not sufficient to establish fraud, to prove that the property sold remained with the vendor after the sale. At most, this was but a badge of fraud susceptible of satisfactory explanation. [Benj. on Sales (1st Am. ed.), 182.]

§ 928. *Appeal from justice's court; judgment for costs.* In an appeal from a judgment of justice's court to the county court, upon a trial *de novo*, the plaintiff recovered judgment for a less amount than he had recovered judgment for in the lower court, and the county court gave judgment against the defendant for all the costs of both courts. *Held*, not error. The act to organize the county courts, and define their powers and jurisdiction, approved January 16, 1876, did not re-enact the obsolete clause in the district court act of 1846, regulating appeals from the justices' courts. The latter act was held unconstitutional, and should not be revived to control the prac-

tice in the new courts. In the absence, therefore, of a special rule, the general law, upon a trial *de novo,* will tax costs against the losing party.

June 23, 1880.                                    Affirmed.

NOTE.— The foregoing was decided without reference to articles 1432, 1433 and 1434 of the Revised Statutes, which plainly prescribe the rule governing the adjustment of costs in cases of appeal and *certiorari* from justices' to county courts, and under which articles the judgment as to costs in the above case would now be held to be erroneous.