THE RECTOR, CHURCH WARDENS, AND VESTRY, OF CHRIST CHURCH, IN THE CITY OF PHILADELPHIA, IN TRUST FOR CHRIST CHURCH HOSPITAL, PLAINTIFFS IN ERROR, *v.* THE COUNTY OF PHILADELPHIA.

Where it does not appear either by express averment or by a necessary intendment from any matter stated in the case, nor does any entry on the record of the cause in the Supreme Court of the State show, that any of the questions of which this court is entitled to take cognizance under the terms of the 25th section of the judiciary act, arose in the cause and were actually decided by that court, the writ of error must be dismissed, for the want of jurisdiction.

THIS case was brought up from the Supreme Court of the State of Pennsylvania, by a writ of error issued under the 25th section of the judiciary act.

As the decision of the court was, that the record did not show any ground of jurisdiction under the 25th section of the judiciary act, it will be proper to state what that record was.

The acts of 1833 and 1851 are recited in the opinion of the court, and need not be repeated.

The rector and church wardens were assessed for taxes upon several pieces of property, amongst which was the following:

Lower Delaware ward, No. 8 Cherry street, Hospital lot, &c., $126.

They paid the tax upon the whole assessment, including the above, under protest, and then brought an action in the State court to recover the amount so paid. The court decided in favor of the defendants. Upon being carried to the Supreme Court of the State, that court reversed the judgment of the court below, so far as respected the tax upon the Hospital lot. The rector and church wardens, believing that the whole of the property ought to be exempted from taxation, brought the case to this court. The question which they intended to raise

was, whether or not the act of 1833 was a contract, irrepealable except with their consent. But the record presented only the following state of facts.

### March Term, 1853, No. 145.   Docket Entries.

| The Rector, Church Wardens, and Vestrymen, of Christ Church, in the City of Philadelphia, in trust for Christ Church Hospital, *v.* The County of Philadelphia. | H. M. WATTS. 145. W. D. BAKER. |
| --- | --- |

Summons case ret'ble the first Monday of June, 1853, exit 11th May, 1853.

"Service accepted."

*March 3d*, 1854.—Case stated in the nature of a special verdict filed.

*April 1*, 1854.—Judgment entered without argument for defendants by the court. By writing filed, it is agreed that the above case may be removed by the plaintiffs to the Supreme Court, without any recognizance being given by them. Eo die assignments of errors filed.

*April 4*, 1854.—Argued.

*December 27*, 1854.—Reargued.

*March 12*, 1855.—Opinion by C. J. Lewis, judgment reversed, and judgment in favor of the plaintiffs in error for the sum of one hundred and twenty-six dollars, with costs. Eo die opinion filed.

The case was submitted on a printed argument, by *Mr. Watts* and *Mr. Meredith* for the plaintiffs in error, and *Mr. Porter* for the defendants.

The arguments proceeded upon the ground that the question of impairing the obligation of a contract was raised by the record; but, as the court decided that no such question was properly involved in the discussion, it is thought unnecessary to report the arguments.

Mr. Justice CAMPBELL delivered the opinion of the court.

This is a writ of error to the Supreme Court of Pennsylvania, under the 25th section of the judiciary act of the 24th September, 1789.

These parties, without any pleadings, stated a case, in the

nature of a special verdict to the Supreme Court of the State of Pennsylvania, upon which a final judgment was rendered. It appears from the case, that in April, 1833, the Legislature of Pennsylvania enacted: "That Christ Church Hospital, having for many years afforded an asylum to numerous poor and distressed widows, who would probably else have become a public charge, and that, in consequence of the decay of the buildings of the hospital estate, and the increasing burden of the taxes, its means are curtailed and its usefulness limited; therefore, that the real property, including ground rents now belonging and payable to Christ Church Hospital, in the city of Philadelphia, so long as the same shall continue to belong to the hospital, shall be and remain free from taxes."

That in April, 1851, the Legislature of the same State enacted, "that all property, real and personal, belonging to any association or incorporated company, which is now by law exempt from taxation, other than that which is in the actual use and occupation of such association or incorporated company, and from which an income or revenue is derived by the owners thereof, shall hereafter be subject to taxation, in the same manner and for the same purposes as other property is now by law taxable; and so much of any law as is hereby altered and supplied be, and the same is hereby, repealed: *Provided*, That nothing herein contained shall be construed to exempt cemetery companies from taxation."

It further appears, in the case stated, that the county of Philadelphia, in the year 1852, caused certain real estate and ground rents of the plaintiffs in the city of Philadelphia, and which were possessed by the plaintiffs before the date of the act first mentioned, to be valued and assessed for taxes, and that the taxes were subsequently paid to the officers of the county, under protest, by them. The Supreme Court of Pennsylvania determined that the plaintiffs were entitled to recover only for so much of the taxes assessed and paid which were levied for property in the actual occupancy of the plaintiff for hospital purposes.

It does not appear, either by express averment or by a necessary intendment from any matter stated in the case, nor does any entry on the record of the cause in the Supreme Court of Pennsylvania show, that any of the questions of which this court is entitled to take cognizance, under the terms of the 25th section of the judiciary act, arose in the cause, and were actually decided by that court. Therefore, in conformity with the established doctrine of this court, (Armstrong *v.* The Treasurer of Athens county, 16 Pet., 282; Smith *v.* Hunter, 7 How. S. C. R., 738,) the writ of error must be dismissed.