LYSANDER B. WHEAT *v.* THE PLATTE CITY AND FORT DESMOINES R. R. CO. AND H. D. MACKAY.

*Error from Leavenworth County.*

Title 4 of the Civil Code [Comp. L., 132], and the amendments thereto [Comp. L., 233; L. '65, 132], provide that actions for debt must be brought in the county in which the defendants, or some one of them, reside or may be summoned.

In an action against a foreign corporation, *it was held* that, having property or debts owing to them in this state, is one of the essential facts necessary to give jurisdiction, as to obtain service by publication under ? 78 Civil Code [Com L., 136], and the taking of such property or debts is the object of the provisional remedies in such case provided, and the provi-

sions therefor are to be tested by the limitations of the code regulating service of process.

In an action brought against a railroad company of Missouri, wherein its treasurer was garnisheed—service having been attempted by publication, and where it appeared from the answer of the garnishee that he had no property of the company in this state; *held* that the court had obtained no jurisdiction over the company, and that an order of the court below, discharging the garnishee, should be *confirmed.*

This action was commenced by the filing of a petition, affidavit for an attachment and garnishment, notice whereof was served on defendant, Mackay, treasurer of defendants, the Platte City & Ft. Des-moines R. R. Co., a corporation doing business in, and existing under the laws of the State of Missouri. Service by publication was attempted, and in form completed against the defendants—the railroad company. Mackay, the garnishee, answered in writing, and orally, in open court. The findings of fact of the court below, are, substantially :

1. That at the time of the service of the notice of garnishment, and ever since, the said garnishee was, and is, the treasurer of said railroad company, and did then, and has since, resided in the city and county of Leavenworth.

2. That as such treasurer, he then had, and since has had in his possession, three hundred bonds of the county of Leavenworth, of the denomination of one thousand dollars each, payable in twenty (20) years, with seven per cent. interest.

3. That said bonds were not, at that time, nor have they since been within the limits of the State of Kansas, but have, during all that time, been held by said garnishee, in the State of Missouri, subject to the order of said board of directors of said defendants.

A special appearance only was made by defendants by attorneys, for the purpose of objecting to the exercise of jurisdiction by the court. The answer of the garnishee was pronounced unsatisfactory to plaintiff.

The court below rendered judgment against the railroad company in the action, but decided that the garnishee should deliver over all property which he held of, and all moneys which he owed to the railroad company, in his possession, held by him otherwise than as treasurer, &c., but refused to order him to deliver over the said Leavenworth county bonds. Exceptions to this part of the decision were preserved, and the decision brought to this court for review.

*Clough & Wheat,* for plaintiff in error.

*Hurd & Stillings,* for defendants in error.

*Clough & Wheat* submitted:

1. The appearance of Hurd & Stillings conferred jurisdiction over defendants. 1 *Chitty Pl.,* 456.

2. It does not matter in what capacity the garnishee held the bonds, nor where they were, so that they are in possession of the garnishee, he being within the county. *Civ. Code,* § 209.

3. As to the attributes of corporations bearing upon this matter, see *Angel & Ames,* § 1–6.

4. Attachment may be had against a foreign corporation. (*Laws* '66, 182; 15 *N. Y.,* 596.) As to duties of sheriff under the order, (*Code,* § 202.) How attachment to be made, (*Code,* §§ 205 *and* 206.) How and when garnishment to be made, (*Code,* § 209.) How and for what garnishee to be liable, *Code,* § 214, 223, 226, 227.

5. Mackay is liable to the plaintiff for the property, "the bonds" of the railroad company, he held in his possession, whether tortuous, with or without consent of the company ; and the fact of his being treasurer, and holding them as such, does not screen him from liability as a garnishee, or give the railroad company any right to hold them in his hands against process of courts issued to aid in the enforcement of claims against it. 15 *Ohio S.*, 462 ; 5 *Abbott's Pr.*, 268 ; 1 *Hilton*, 113 ; 12 *How. Pr.*, 359 ; 18 *Wis.*, 493 ; 14 *Wis.*, 372 ; 22 *Ill.*, 9–18 ; 15 *S. & Rawle*, 175 ; 6 *Mo.*, 363 ; 9 *Mo.*, 416 ; 28 *Mo.*, 214 ; 4 *G. Greene*, 536 ; 27 *Ill.*, 352 ; 5 *Pick.*, 28 ; 15 *Pick.*, 173.

6. Municipal corporations may be held liable as garnishees. 5 *N. H.*, 13 ; 20 *Conn.*, 416 ; 4 *Iowa*, 302 ; 15 *Ohio St.*, 462.

7. Other corporations may be held as garnishees. 1 *Geant.*, 457 ; 9 *Conn.*, 430 ; 17 *Md.*, 195 ; 31 *Penn. St.*, 114 ; 5 *Iowa*, 114 ; 12 *Seaton*, 655, *and other cases cited above.*

8. That the legislature intended that garnishee proceedings might be had against a foreign corporation, seems evident, from the fact that orders of attachment may issue against its property, because it is a foreign corporation. (*Laws* '66, 182.) And the word "person" "may be extended to bodies politic and corporate." (*Comp. L.*, 838, *in which connection we suppose* "*may*" *means* "*must.*") And in reference to orders of attachment and subsequent proceedings (of course including garnishee proceedings), section 235 of the code gives jurisdiction from the time of the issuing of the order of attachment, which it appears from said section would not be lost in a case against a foreign corporation, even though its charter expired. And the

language of the code is quite as broad and comprehensive in description of property for which a garnishee shall be liable, as it is in describing what the sheriff shall attach ; the word "property" being used in both cases, as in the law of 1866, which gives the order of attachment against the property of the foreign corporation. (*See Code,* §§ 206–209, 214.) The 10th subdivision of sec. 1 (*Comp. L., p.* 838), shows that the word *property,* thus used, includes personal and real property, which, of course, include everything which may be owned.

9. That the garnishee proceedings, findings of the court therein, &c., are parts of the record. 27 *Ill.,* 352.

*Hurd & Stillings,* for defendants in error, contended :

1. If bonds are property of such a character that a levy can be made on them, and that a sale of them would transfer the right to the payment of the money, or the liability for the payment of which they are the mere evidence, then the first question which arises is : Can the court compel a garnishee, who has the mere control of the possession of property in another state, to bring or transport such property into this state, for the purpose of subjecting it to the control of a court in this state? It will readily be seen that if the principle is good, the cost, risk, or labor of such transportation can make no difference. It is a principle of general application in garnishment, that the garnishee shall not be placed by the court in any worse position than he would be in if the defendant's claim was enforced against him by the defendant himself. *Drake Attach.,* § 461, 462, "*a,*" 585, 586, 587.

2. The bonds are mere choses in action, and therefore cannot be reached by garnishment. (*Drake*, § 481, *and cases there cited.*) The only way to reach such property is to garnishee the party liable to pay.

3. The possession of the treasurer is the possession of the defendant, and therefore the attempt to garnish him is an attempt to garnish the defendant. *Drake*, § 465, "*a*"; 1 *Harris*, 223.

4. Section 202 of the code requires that the property and credits of the defendant within the county be attached. The bonds were not property within the county, and the garnishee was not a creditor of the defendant. The other sections as to garnishee are evidently in aid of the process of the court, to accomplish what is so plainly expressed. No person outside of the county can be required to answer as garnishee.

5. Shall the garnishee be required to go outside of the state, to remove property within the state for seizure? If he were so required by the court, he could not do it, for the defendants would only be compelled to dismiss him from his position, and thereby put it out of his power to comply with the order.

6. The court below had not acquired jurisdiction of either person or property, and therefore the judgment is void. *Disney's R.*, 550 ; 13 *O. S.*, 452 ; 2 *Kans.*, 345.

*By the Court*, KINGMAN, C. J.

The plaintiff commenced a suit in the Leavenworth district court, against the Platte City & Fort Desmoines R. R. Co., had an order of attachment issued against its property, and procured service, by publication, against the railroad company, and caused Mackay to be garnisheed.

The garnishee answered, showing that at the commencement of this action, the defendant was a foreign corporation, existing by virtue of the laws of Missouri, operating exclusively within that state, and holding all its offices there.  That the defendants held bonds of the county of Leavenworth, to the amount of $300,000 ; that they were in the State of Missouri, and in the possession, there, of the garnishee, as treasurer of said defendants, and subject to the order of the board of directors of said defendants ; that he had no effects of the defendants, in this state, nor was he indebted to them, and that the same state of facts had continued up to the time of the disclosure.

Upon this state of facts, the court below held that Mackay could not be held liable as garnishee for such bonds.  To this ruling the plaintiff excepted, and brings the case to this court for review.

We think the court below decided correctly.

There can be no doubt that the law intended to give a remedy to the citizens of this state, within the state, whenever the person or effects of the debtor could be found in the state, so that the courts could exercise control over them.  In this case, the debtor was a foreign corporation, holding its offices, and operating exclusively without the state.  Their property was without the state ; an officer of the corporation was in the state, and the plaintiff sought to attach, in his hands, property that he held, as such officer, in the State of Missouri.

Neither the person, nor property, nor any debt of the defendant, was found in this state.  What was there to give the court jurisdiction ?  That question is not before us in this case ; we have only to deal with the decision as to the liability of the garnishee.  As an

officer of a foreign corporation, he held, in another state, certain assets of such corporation, subject to the order and control of the directors thereof.

Had the court ordered the garnishee to deliver the property, before he could have complied with the order, he would have been dismissed and rendered unable to comply with the order. He would then have been made the innocent and involuntary debtor of the plaintiff, having to pay him $5,000.00 for no wrong or default of his own. This would be an admitted hardship, and, fortunately, one not imposed by the law. For while the sections of the code, authorizing the process of garnishment, speak of the garnishee having possession of any property of the defendant, in general terms, not restricted to the state, still, these sections must be construed with reference to other parts of the code, so as to make the whole harmonious. Now by an examination of title 4 of the code, and the amendments thereto, it will be perceived that while some classes of actions are made local, and the place where others can be brought is specifically pointed out, the class to which this case belongs must be brought in the county in which the defendant or some one of the defendants reside, or may be summoned. There was no personal service in the case. It was brought under section 78 of the code, which provides for service by publication, where the defendant is a foreign corporation, having in this state property or debts owing to them, sought to be taken by any of the provisional remedies, or to be appropriated in any way. Having property or debts owing to them in this state, is one of the essential facts necessary to give jurisdiction, and it is such property or debts, sought to be taken by any of the provisional remedies. So that when we come to

examine the provisional remedies, we must test the language used by the limitations in that part of the code giving jurisdiction of the case, and when section 209 speaks of the garnishee having property of the defendants, it must be understood with reference to the jurisdiction given in section 78, and it would then be having property within the state. This is a necessary reading of the whole code on the subject, and is not only logical and reasonable, but avoids the manifest hardships that might and must follow such a construction as that contended for by the plaintiff in error.

The conclusion thus reached is sustained by the authorities generally, but the case of Childs & Co. *v.* Digby (24 *Pa.*, 23), apparently sustains the contrary doctrine; but in that case the jurisdiction as to person was undoubted, inasmuch as both defendants and garnishee were both personally served; and in the reasoning, the court make one of the conditions necessary to enforce the process, that the garnishee "have the actual possession of the property, and the power to dispose of it." Even if this case be sound law, still it would not uphold the views of the plaintiff in error, for in this case the garnishee had no power to dispose of the property which is held, and essentially requisite in the case cited. The court seemed to entertain the view in that case, that a garnishee could be held liable for property that he held in another state, belonging to other parties. But in the subsequent case, of Pennsylvania Railroad *v.* Pennock (57 *Penn. R.*, 244), the Supreme Court of that state review the doctrine of the case of Childs & Co. *v.* Digby, and on full consideration, overrule it, and give satisfactory reasons therefor.

The decision of the court below, that Mackay was not liable, as garnishee, is affirmed.

All the justices concurring.