## BERRY BROS. v. NELSON DAVIS & CO.

### No. 7365.

1. **Garnishment of Debts Owing to Nonresidents.**—Debts owed by resident citizens of the State to nonresidents may be reached by garnishment proceedings in the courts of this State. Such proceedings will give to the court jurisdiction to render judgment, after citation by publication, against the nonresident defendant and the garnishee. The payment under such judgment by the garnishee is conclusive against his nonresident creditor.

2. **Same—Citation by Publication.**—Where garnishment proceedings are insti-

tuted and the garnishment is served upon one indebted to a nonresident, such nonresident may be duly cited by publication. Such proceedings will conclude the nonresident to the extent of the judgment in the garnishment proceedings.

3. **Tender After Suit.**—A tender after suit will not relieve defendant from costs accrued prior to such tender. See facts.

4. **Costs to Garnishees.**—If garnishees permit costs to accrue subsequent to the judgment they can not charge the funds in their hands with such costs.

APPEAL from Travis. Tried below before Hon. W. M. Key.
The opinion states the case.

*Peeler & Peeler,* for appellants.—1. The judgment herein rendered is contrary to the law and evidence in this: Said judgment should have been rendered in favor of appellants for the sum of $266.80 and 8 per cent interest on said amount from January 1, 1889, for the following reasons:

(1) Because the judgment rendered in favor of Heidenheimer & Co. in the Justice Court of Galveston County against appellants was a judgment *in personam,* and was absolutely void and could not be the basis of any right whatever, because appellants have always been nonresidents of the State of Texas and resided in and been citizens of the State of Virginia. No citation was personally served upon them or any one of them within the State of Texas, and they did not appear or answer in said Justice Court.

(2) There being no valid judgment in favor of said Heidenheimer & Co., the garnishment proceeding instituted and had by them in said Justice Court against appellees was also void, and the payment of the garnishment judgment by appellees can not be any defense against the demand of appellants in this action.

The judgment rendered against appellants in said Justice Court of Galveston county was absolutely void and could not be the basis of any right whatever. Scott v. Streepy, 73 Texas, 547; York v. The State, 73 Texas, 651; Hochstadler v. Sam, 73 Texas, 315; Anderson v. Stewart, 70 Texas, 588; Pennoyer v. Neff, 95 U. S., 723; Freeman v. Alderson, 117 U. S., 185; Hart v. Sanson, 110 U. S., 151; Harkness v. Hyde, 98 U. S., 476; Copper v. Reynolds, 10 Wall., 303.

To have entitled appellees as garnishees to the credit claimed and paid by them, there must have been a valid judgment against appellants. Ins. Co. v. Seeligson & Co., 59 Texas, 4; Edrington v. Allsbrooks, 21 Texas, 188; Rowlett v. Lane, 43 Texas, 275; Douglass v. Neil, 37 Texas, 546.

The garnishment proceeding was not a proceeding *in rem.* Bigelow v. Andress, 31 Ill., 322; Rapal. & Law. *In Rem,* and authorities; Noyes v. Brown, 75 Texas, 458.

2. All of said garnishment proceedings in said Justice Court of Galveston County, including the garnishment judgment, are absolutely void, because the same were based upon an unliquidated claim.

*Sheeks & Sheeks,* for appellees.—The garnishment proceeding in the Justice Court of Galveston County was a proceeding *in rem,* and gave the court jurisdiction over the appellants (defendants in the original action) to the extent of the money garnished.    3 Ct. App. C. C., sec. 408; Id., sec. 430, and authorities cited; Drake on Att., secs. 450, 452, 453; Pennoyer v. Neff, 95 U. S., 714.

STAYTON, CHIEF JUSTICE.—Appellees were indebted to appellants in the sum of $266.80 for merchandise, which was due on December 8, 1888.

On October 13, 1888, Heidenheimer & Co. brought suit against appellants in Justice Court in Galveston County to recover $168.65 claimed to be due from them.

In that proceeding a writ of garnishment was sued out and served on appellees, on which they answered that they were indebted to appellants as claimed in this action.

Appellants were residents and citizens of the State of Virginia, but appellees, as well as Heidenheimer & Co., were residents of Texas.

Appellees having answered as stated, and appellants having been cited by publication, on March 18, 1889, a judgment was rendered in favor of Heidenheimer & Co. against appellees, as garnishees, for $174.75 and costs of suit, all of which aggregated $193.40.

Execution issued on that judgment, and to satisfy it appellees, on April 5, 1889, paid $210.70, which included judgment, interest, and costs.

Appellants were not cited to answer in the suit brought against them by Heidenheimer & Co. otherwise than by publication, and did not appear.

This action was brought by appellants to recover from appellees the value of the merchandise sold, with interest from January 1, 1889, as though no part of it had been paid under the proceedings in garnishment referred to.

In their pleadings appellees set up the matters referred to in defense so far of the action, but admitted a balance of $64.40 to be due, and this tendered.    A judgment was rendered in favor of appellants for $56.10, and for $10.85 as costs, but all other costs were adjudged against them.

It is admitted that the proceedings in garnishment were regular, but it is stated that the claim of Heidenheimer & Co. was an unliquidated demand.

There is no claim, however, that the debt which they sought to recover was not of such a character as to make attachment or garnishment proper writs for its enforcement.

It is claimed, however, that on service by publication only, the court had not jurisdiction to render a judgment in favor of Heidenheimer & Co. or against the garnishees.

The court below held that the proceeding in garnishment was in the nature of a proceeding *in rem,* which gave the court jurisdiction to ren-

der a judgment against appellants and the garnishees disposing of the fund in the hands of the latter, and in this we think there was no error.

Appellees were residents of this State and indebted to appellants, and in such cases it is held that by garnishment on the debtor judgment may be legally rendered against him that will bind the fund in his hands, although his creditor was a resident of another State, and not cited otherwise than by publication.

The following cases will illustrate the application of the rule: Brashear v. West, 7 Pet., 620; Mattingly v. Boyd, 20 How., 28; Sawyer v. Thompson, 4 Fost., 510; Young v. Ross, 11 Fost., 201; Tingley v. Bateman, 10 Mass., 345; Nye v. Liscombe, 21 Pick., 264; Erskine v. Staley, 12 Leigh, 406; Lovejoy v. Albee, 33 Me., 417; Wheat v. Railway, 4 Kans., 370; Jones v. Comings, 6 N. H., 498; Lawrence v. Smith, 45 N. H., 538; Baxter v. Vincent, 6 Vt., 614; Cronin v. Foster, 13 R. I., 196.

The rule was recognized in Haggerty v. Ward, 25 Texas, 144. In that case, however, the plaintiff and defendant were both nonresidents of the State, and there was no answer by the garnishee showing indebtedness or other fact that would fix liability on him. Service on the defendant was only by publication, and scire facias to the garnishee was served in the same manner; and under that state of facts it was held that the court had not acquired jurisdiction to enter a judgment against the defendant subjecting anything that may have been in the hands of the garnishee to payment of the debt.

In the case before us the garnishees were duly cited, resided in this State, and had answered showing their indebtedness to appellants in a sum larger than necessary to satisfy the claim of Heidenheimer & Co., before judgment was rendered in favor of the latter.

Appellees having admitted an indebtedness of $64.40 and tendered this, we see no good reason why the court below rendered judgment for a less sum or apportioned the costs. If the balance due appellants had been tendered before this action was brought then appellees should have been relieved from costs, but as this was not done they were liable for the costs of the suit. It is claimed that appellants were entitled to more than appellees admitted to be due, and this arises perhaps out of a claim for interest. The claim of appellants would have borne interest from January 1, 1889; appellees, however, would not be liable for interest after writ of garnishment was served upon them until judgment was rendered against them, for until that time they had no right to pay to either party.

When the writ of garnishment was served does not appear, but the inference from the record is that it was served before the claim bore interest. From March 18, 1889, appellees could legally have paid to appellants the balance due them, and that ought to bear interest from that date.

If no interest had accrued when the writ of garnishment was served, that balance was $73.40, less the costs of the garnishment proceeding, and

for that sum, with interest at the rate of 8 per cent per annum until judgment, appellants were entitled.

If appellees permitted costs to accumulate under the judgment rendered against them in favor of Heidenheimer & Co., they are not entitled to that in settlement with appellants.

The facts are not stated in the record which would enable this court to render a judgment such as should be, for it is evident that some costs accruing on the judgment in favor of Heidenheimer & Co. against appellees after its rendition must have been allowed to appellees.

The judgment will be reversed and the cause remanded, when the court below will be able to ascertain the facts necessary to the rendition of a proper judgment.

*Reversed and remanded.*

Delivered May 6, 1890.