**Wales W. WALLACE, Appellant,**

**v.**

**Leslie Owen BRIERS et al., Appellees.**

**No. 4063.**

Court of Civil Appeals of Texas.

Eastland.

June 17, 1966.

Townes & Townes, Edgar E. Townes, Jr., Houston, for appellant.

Eastham & Meyer, Sam Dawkins, Jr., Houston, for appellees.

COLLINGS, Justice.

This suit was brought by Leslie Owen Briers, individually and as independent executor of the estate of Nell C. Briers, deceased, against Wales W. Wallace on a promissory note in the amount of $70,750.00, plus interest and attorneys' fees. The note was attached to plaintiffs' petition and was admitted by the defendant as being executed by him. Plaintiffs filed a motion for summary judgment on the note and attached thereto supporting affidavits that the note was in default in that no interest payments had been made thereon according to its terms. The defendant did not deny this fact but asserted as a defense that appellees had released certain security they were holding for the note which constituted legal fraud on the defendant even though defendant was in default on the note at the time the security was released. The court rendered summary judgment for plaintiffs for the principal amount of the note together with accrued interest and attorneys' fees. Wales W. Wallace has appealed.

As a factual background of this suit the record shows that appellees had two tracts of land in Harris County, one consisting of 160 acres, more or less and the other of approximately 65 acres. Appellees wanted to sell said lands if they could find other suitable land to purchase. Appellees located 541 acres of land in Waller County belonging to one Burnside, but Burnside would part with his land only for cash. Appellees, appellant and Burnside then entered an agreement whereby Burnside and appellees would exchange Burnside's 541 acres in Waller County for 121 acres out of appellees' 160 acre tract and that appellees would sell to appellant the remaining 39 acres of the 160 acre tract retaining a vendor's lien thereon and a deed of trust securing the payment of a $70,750.00 note executed by appellant. The 65 acre tract owned by appellees was also sold to appellant. Appellees retained a vendor's lien and deed of trust lien thereon securing appellant's $102,652.69 note. It was agreed that Burnside would then sell to Wallace the 121 acres he had obtained in trade from appellees, retaining a vendor's lien thereon to secure a note executed by Wallace to Southern States Life Insurance Company in the sum of $197,000.00, said note being further secured by a deed of trust. Appellant, in order to finance his purchases joined with the payees of the notes executed by him in a rather complicated subordination agreement and pursuant to that agreement executed and delivered to appellees the two notes in the respective amounts of $70,750.00 and $102,652.69, and the following security instruments to secure this indebtedness:

"(a) First Vendor's Lien and Deed of Trust Lien to secure $70,750.00 and $102,652.69 notes executed by Appellant to appellees.

(b) Second Vendor's Lien and Deed of Trust Lien to secure an indebtedness of $197,000.00 note given by Appellant to Southern States Life Insurance Company to finance balance of his purchases from Burnside."

The priority of liens on all the lands involved was agreed to by all parties in the Subordination Agreement as follows:

*"Tract A—119 Acres*
1st lien—Southern States Life Insurance, $197,000.00
2nd lien—Briers, $ 70,750.00
$102,652.69

*Tract B—43 Acres*
1st lien—Southern States Life Insurance, $197,000.00
2nd lien—Briers $ 70,750.00
$102,652.69

*Tract C—1 Acre*
1st lien—Southern States Life Insurance, $197,000.00

*Tract D—64 Acres*
1st liens—Briers $102,652.69, and $70,750.00
2nd lien—Southern States Life Insurance, $197,000.00"

It was also agreed therein that the owner of either of the above mentioned notes executed by appellant could release or rearrange all or any part of the security for the notes.

The $70,750.00 note sued on by appellees provided that interest was to be paid by appellant twelve, fifteen, eighteen and twenty-four months from July 30, 1962. It is undisputed that appellant was in default in payment of the interest on said note, having paid no part of interest, when due, or principal at any time.

Appellant then defaulted in payment of the $197,000.00 note to Southern States Life Insurance Company which requested that R. L. Cowling, Trustee under Deed of Trust securing the note, foreclose the Deed of Trust liens, including a Second Vendor's Lien and Deed of Trust Lien given by appellant on the 65 acres to Southern States Life Insurance Company to secure his $197,000.00 note to them. Appellees were the senior lien holders on the 65 acres. R. L. Cowling, Trustee, the junior lien holder on this tract, foreclosed his second lien thereon and then exercised his right of redemption against appellees, the senior lien holders, by paying to appellees all principal, interest and attorneys' fees due on the $102,652.69 note executed by appellant to appellees. Appellees then executed a release of their lien securing such note to the junior lien holder on the 65 acre tract. Appellant, still being in default to appellees on the $70,750.00 note, no part of interest or principal having been paid, appellees turned the note over to their attorneys for collection.

Appellant urges numerous points all of which relate to or complain of appellees' releasing their security on the 64 plus acre tract for the $70,750.00 note given to them by appellant. Appellant contends that the court erred in rendering summary judgment against him for the full amount of the $70,750.00 note and urges the following claimed material facts and legal defenses: that prior to June 22, 1964, the due date of the note in question, appellees, on May 21, 1964, voluntarily released the first lien security therefor without consideration, without necessity, occasion or reason therefor and without the knowledge, consent or approval of appellant; that appellees thereby placed the property beyond the reach of appellant, rendered it impossible to have a foreclosure sale of said first lien by which the sale price would be credited against the note, thus obtaining payment to the benefit of both appellees and appellant; that the subordination agreement provided that in the event of default or breach under the note or deed of trust appellees elected to exercise any right of foreclosure, notice was required to the second lien holder who could cure the default and assume payment of the unpaid balance of the note, thus deferring any foreclosure sale and obtaining an additional obligor, thereby benefiting both appellees and appellant; that appellant had a right to rely on the contractual provisions of the subordination agreement and the protection afforded thereby, all of which was ignored and destroyed by appellees' non-compliance with the contract and release without reason or necessity of the

first and superior lien securing said $70,-750.00 note. Appellant asserts that the action of appellees in voluntarily releasing the first lien security for said note and in failing to comply with the agreement between the parties constituted a legal fraud against appellant; that such action materially injured appellant, in that it rendered it impossible to have a foreclosure sale under said first lien by which the sale price would be credited against the note, thus obtaining at least some benefit and relief to appellant as well as to appellees; that the action of appellees in voluntarily and without reason releasing the security for said note without consideration entitles appellant to a credit on said note of the reasonable market value of the land and the enhancement thereof to the time of a proper foreclosure sale; that appellees by their voluntary release of said lien, without consideration, without necessity, occasion or reason therefor, and without the knowledge, consent and approval of appellant, amounts to a waiver by appellees of all rights against appellant on said note and appellees are now estopped to assert any right against appellant on said note.

Appellant asserts that under the subordination agreement appellees, as holders of the first lien securing the two notes of $102,652.69 and $70,750.00, were assured that, in the event of default by appellant, appellees would either be paid their two notes, including the $70,750.00 here sued upon, by the second lienholder, or upon a foreclosure sale could resume and reacquire ownership of the 64.15768 acre tract by one of the remedies recognized in law and in equity. Appellant urges that he had the right to accept, rely on and insist that appellees either (1) comply with the subordination agreement and obtain an assumption of the unpaid first lien notes by the holder of the second lien, which would have resulted in payment of the note sued upon, or (2) that in the event the second lienholder did not assume the first lien debts, there would be a foreclosure sale under the deed of trust so that the purchaser at such sale could pay off the indebtedness and obtain a clear title, thus using the property or fund standing as security for the notes as contemplated, or (3) appellees could have rescinded the sale, if they had the superior legal title, and thus recaptured the land, by relieving appellant of further liability on the purchase notes.

■ Appellees' motion for summary judgment shows and appellant admits that he executed the $70,750.00 note and was in default of interest payments. The record further shows that pursuant to the terms of the note appellees accelerated the maturity of the note and declared the entire amount of principal and interest due and placed it in the hands of an attorney for collection. The note provided that in case of such a default the owner or holder thereof should have the option, without presentment, demand or notice, to declare the note immediately due and payable. We overrule appellant's contentions concerning alleged defects in presentment, demand and notice. These undisputed facts entitled appellees to a judgment on the note sued upon in the absence of a valid defense raised by appellant.

■ It is well settled that the holder of a note secured by a lien may sue on the note and recover a personal judgment against the maker without reference to the lien. Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380; Loughney v. Texas City National Bank, Tex.Civ.App., 252 S.W.2d 954 (no writ history); Harper v. First State Bank, Tex.Civ.App., 3 S.W.2d 552 (error ref.); Borschow v. Stephenson, Tex. Civ.App., 166 S.W. 121 (no writ history); 58 Tex.Jur.2d 615.

■ As contended by appellant, appellees did hold first liens on the 64 acre tract securing payment of both the $70,750.00 and the $102,652.69 notes. The latter was shown to be the purchase price for the 64 acre tract. Southern States Life Insurance Company held a second lien on that tract, subject to the two first liens, and, as the

junior lien holder, foreclosed its mortgage on that tract, and purchased the 64 acres at the foreclosure sale. Such purchase did not give Southern States Life Insurance Company title to the land. It held such land subject to the first liens thereon. It is well settled that the junior lien holder in such cases is then authorized to exercise its right of redemption against the holders of the senior mortgages. Shelton v. O'Brien, 285 S.W. 260 (Com. apps. opinion adopted); 39 Tex.Jur.2d pages 236, 237. Southern States Life Insurance Company exercised its right of redemption by paying to appellees the amount of principal and interest due on the $102.652.69 which was the purported purchase price for the 64 acre tract. Appellees then released their first lien on said land securing the smaller $70,-750.00.

■ It is to be noted that by the terms of the subordination agreement, itself, the owner of any of the notes executed by appellant could release or rearrange all or any part of the security for such notes. In releasing the security for the $70,750.00 note appellees were acting in complete accord with the subordination agreement and there is no showing of a violation of any obligation to appellant.

We cannot agree with appellant's contention that the action of appellees in releasing their first lien on the 64 acre tract constitutes or raises a fact issue concerning legal fraud, and that it would be inequitable to hold appellant bound for the full amount of $70,750.00 note after appellees voluntarily released their first lien upon that tract of land. Appellant's contention that it would be inequitable to hold him liable for the full amount of the $70,750.00 note, as alleged and as urged on this appeal is that the value of the 64 plus acre tract sometimes herein referred to as 65 acres was such that it could and would have reasonably sold for a sum sufficient to pay all, or substantially all, of the indebtedness secured thereby. Appellant alleged that because of "the actions of plaintiff and the resulting detriment, unfairness and inequity to defendant—defendant is entitled to an offset and credit thereon to the extent of the reasonable value of the said 64.151768 acre tract in excess of the above mentioned $102,652.69 note also secured thereby—."

■ Appellant did not allege the value of the 64 acre tract at the time appellees released their first lien thereon, or at any time material thereto, nor did appellant show such value by affidavits or any other form of proof on hearing of the motion for summary judgment. Such allegations by appellant are in the nature of an affirmative defense which he had the burden to prove. Appellees had established by pleadings and affidavits their right to prevail on their motion for summary judgment. The note was in default and appellees were entitled to the relief sought in the absence of the showing of a valid defense. Their motion could not be denied merely because appellant suggested or alleged matters which, if proved, would require a different judgment. Fisher v. Howard, 389 S.W. 2d 482 (Civ.Apps., 1965); and cases cited therein.

Appellant has failed to show that he was injured by appellees' action in releasing its first lien on the 64 acre tract. The purchase of that tract by Southern States Life Insurance Company at the junior lien holder's sale did not give it title to the land, but only the right to redeem appellees' senior mortgages. The insurance company did this by paying appellant's $102,652.69 note which was the purchase price of the tract and was secured by a first lien on the land. The lien on the land securing such note remained but was thereafter held by the insurance company. There also remained the first lien securing the $70,750.00 note still held by appellees. Appellant was obligated to pay both of these notes before his 64 acre tract would be free of the liens securing them. By discharging such indebtedness, which he did not do, appellant could have had clear title to the land, all

indebtedness secured by liens thereon having been paid. In this respect appellant's position was no worse after appellees' release of their first lien securing the $70,750.00 note than it was before such release, except that appellant could have been injured if the value of the 64 acre tract was more than enough to pay the $102,652.69 note. This matter, however, was in the nature of an affirmative defense and appellant submitted no evidence by affidavit or otherwise showing that the 64 acre tract had a value of more than the $102,652.69, which the insurance company paid to appellees. Under the record appellant has shown no injury. Actually he may have benefited from the transaction by the payment of the $102,652.69 note.

Appellant relies upon Maupin v. Chaney (Sup.Ct.), supra, and Reed v. Hardeman, 5 S.W. 505 (Sup.Ct.), as authority for his contention that he should be allowed credit on the $70,750.00 note for the value of the 64 acre tract in excess of the $102,652.69 note, interest and attorneys' fees. Those cases are to be distinguished from the instant case. In the Maupin case the evidence showed that plaintiffs had appropriated mortgaged property to their own use and then sought recovery for the full amount of the note. It was held that the defendant was entitled to credit for the value of the property so appropriated by the plaintiffs. In the Reed case the plaintiff who claimed a vendor's lien on the land had received $150.00 for a partial release from one who had purchased a portion of the land at an execution sale. It was held that the defendant was entitled to have the $150.00 payment credited on his note. In the instant case appellant did not allege nor did he show on the summary judgment hearing by affidavits or any other form or proof, the value of the 64 acre tract. There was no showing that the value of the tract was more than, or even as much as, $102,652.69, the amount of the other note secured by a lien on the land, which was paid by Southern States Life Insurance Company. Appellees

had established their right to prevail on their motion for summary judgment. Appellant urged the defense of "legal fraud." Since appellant has failed to show that he was injured by appellees' action in releasing its lien on the 64 acre tract no fact issue was raised concerning his pleaded defense of legal fraud. Appellant's points are all overruled.

The judgment is affirmed.