Richard T. CHURCHILL and T.F. Sadovsky, Appellants,

v.

Jay RUSSEY, Appellee.

No. 2–84–251–CV.

Court of Appeals of Texas, Fort Worth.

June 26, 1985.

Richard T. Churchill, Fort Worth, for appellants.

M. Ward Bailey & Assoc., P.C. and M. Ward Bailey, Fort Worth, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

OPINION

HOPKINS, Justice.

This appeal is brought from the granting of an injunction prohibiting appellants from

foreclosing on a vendor's lien and permitting the record titleholder to redeem the note.

We affirm.

On November 19, 1970, appellee Russey received a judgment against Jack Cobb for about $16,000 plus attorney's fees and interest from the date of judgment in the 141st District Court of Tarrant County. An abstract of judgment was filed but no execution issued.

On August 14, 1979, Russey filed an action in the 153rd District Court of Tarrant County to foreclose the 1970 judgment lien and the case came to trial in 1982. Russey submitted a proposed final order which would have given himself a judgment for roughly $34,000 (which was the amount of the 1970 judgment plus interest). Appellant Churchill, a lawyer representing Jack Cobb, objected to the proposed final order on grounds that:

(1) Russey's petition to foreclose did not constitute an action for "debt" under TEX. REV.CIV.STAT.ANN. art. 5532 (Vernon 1958), the lack of which allegedly made the 1970 judgment dormant; and

(2) the proposed Final Order sought to enlarge the original judgment from $16,000 to $34,000.

On June 8, 1982, the judge signed a final order which found that the filing of the foreclosure action prevented the 1970 judgment from becoming dormant under TEX. REV.CIV.STAT.ANN. art. 3773 (Vernon 1966). It ordered the sheriff to seize and sell certain realty owned by Jack Cobb to satisfy "the Judgment herein above stated" without specifying the amount of the judgment. On August 3, 1983, Russey purchased the property at the sheriff's sale, subject to an outstanding vendor's lien.

On November 7, 1983, Churchill bought the vendor's lien. Russey learned of the purchase and wrote Churchill twice, on November 15, 1983 and December 14, 1983, offering to pay the full amount of the note plus interest, which offer Churchill refused.

Churchill posted notice of intent to sell the property on the courthouse steps on February 7, 1984. Russey filed suit on February 3, 1984 in the 236th District Court to enjoin Churchill and his trustee, Sadovsky, from selling the property, and the deposited $8,000 into the registry of the court to pay off the vendor's lien. The judge granted the injunction on the basis that Russey was entitled to redeem the note, and ordered that Churchill be paid $6,950.79 out of the court registry, which was Churchill's purchase price plus interest.

Appellants' first two points of error allege that Russey was not entitled to redeem the vendor's lien note because the sheriff's sale, through which Russey claimed title, was based on a void judgment of foreclosure. Churchill alleges that the judgment of foreclosure was void (1) because it failed to specify the amount of the judgment lien, and (2) because the judgment lien had become dormant.

█ We hold that appellants are collaterally attacking the foreclosure sale ordered by the court on June 8, 1982. A writ issued under a dormant judgment is not void or subject to collateral attack. Unless it is directly attacked, it is good and the sheriff is empowered to sell the property and pass title to the purchaser. *Benson v. Greenville Nat. Exchange Bank*, 253 S.W.2d 918, 926 (Tex.Civ.App.—Texarkana 1952, writ ref'd n.r.e.).

█ However, even if this were not a collateral attack, the amount of the judgment lien was stated on the abstract of judgment with the applicable rate of interest. Therefore, the amount due to Russey upon foreclosure was easily calculable by the sheriff and we hold that the judgment cannot be voided for vagueness.

█ We further hold that the judgment lien had not become dormant. Though execution did not issue within ten years of judgment so as to keep the judgment alive under TEX.REV.CIV.STAT.ANN. art. 3773, Russey did file a petition to foreclose on the judgment lien within ten years. We

hold that this petition was an action of debt under TEX.REV.CIV.STAT.ANN. art. 5532 and the trial court did not err in finding that it was sufficient to revive the judgment. Appellants' first two points of error are overruled.

 Appellants' third and fourth points of error allege that Russey was not entitled to redeem the vendor's lien note by paying Churchill merely the value which he paid for it, and that Churchill was entitled to attorney's fees and costs of collection. We disagree. As the purchaser at a foreclosure sale and as the junior lienholder, Russey was entitled to redeem the note. *Wallace v. Briers*, 405 S.W.2d 95, 99 (Tex. Civ.App.—Eastland 1966, no writ). By tendering the amount due on the note plus interest, Russey stopped the running of interest and precluded Churchill from recovering attorney's fees or costs of collection. *Berry v. Davis*, 77 Tex. 191, 13 S.W. 978, 979 (1890); *Penny v. Kelley*, 528 S.W.2d 330, 333 (Tex.Civ.App.—Beaumont 1975, no writ); *Uvalde Const. Co. v. Lawrence*, 93 S.W.2d 213, 216 (Tex.Civ.App.—Dallas 1936, writ dism'd). *See also* TEX. BUS. & COM.CODE ANN. sec. 3.604(a) (Vernon 1968). Appellants' third and fourth points of error are overruled.

Affirmed.