JOHN HAGGERTY AND OTHERS V. S. WARD.

In a suit on a personal action, commenced by attachment under the attachment law of 1839, by non-resident plaintiffs against a non-resident defendant, service in which was made by publication, and there was not a seizure of property, nor other ground of jurisdiction than a judgment rendered in the case against a garnishee who was personally summoned and failed to appear: *held*, that the court cannot take jurisdiction.

It seems that a judgment against the defendant is an indispensable prerequisite to a judgment against the garnishee; and under the attachment law of 1839, the rendition of a conditional judgment against the garnishee who has failed to appear or answer, cannot afford the basis on which the court can take jurisdiction, and render judgment against the defendant, and make that judgment in turn the ground of a final judgment against the garnishee.

ERROR from Galveston. Tried below before the Hon. Peter W. Gray.

On the 21st day of January, 1847, John, William C., John A. and Ogden Haggerty filed their petition in the District Court of Galveston against Alexander Casselli, praying for a judgment against him for $16,000 on their claim against him for money loaned; showing also that they and the defendant were non-residents. The plaintiffs prayed for an attachment, and alleged no other ground therefor than the defendant's non-residence and absence from the State, and did not allege that the defendant had any property in it. On the 27th day of January, 1847, a writ of attachment issued, which was returned "no property found." July 6th, 1847, an *alias* writ of attachment issued and was executed the same day by summoning Samuel Ward as garnishee "to be and appear at the next term of the court and answer as the law directs;" endorsed thereon, "No property of the defendant found." September 7th, 1847, citation to Casselli issued, which was executed by publication. November 22d, 1847, judgment by default *nisi* was entered against Casselli, which was rendered final on the 19th day of June, 1848. July 6th, 1848, judgment by default was rendered against Ward for want of an answer, for the sum of $16,000, unless he shall appear and answer at the next

term; and a *scire facias* to him was ordered to issue, returnable to the next term; the writ was executed by publication, and judgment final rendered against Ward on the 7th day of July, 1849.

On the 9th day of January, 1856, the plaintiffs commenced this suit in the District Court, against said Ward to revive the said judgment against him. The defendant pleaded the facts above stated, as showing the want of jurisdiction of the court to render the judgment aforesaid against either Casselli or himself.

The plaintiffs demurred to the plea, which was by the court overruled; the cause was submitted to the court, and judgment was rendered for the defendant. There was no other testimony introduced than the record of the proceedings in the original suit against Casselli and the defendant as garnishee.

*Jno. B. & G. A. Jones,* for the plaintiffs in error.

*Sherwood & Goddard,* for the defendant in error.

BELL, J.—We are of opinion that the District Court for Galveston county had no jurisdiction to render the judgment of the 19th of June, 1848, against Alexander Casselli, and consequently had no jurisdiction to render the judgments of the 6th of July, 1848, and of the 7th of July, 1849, against Samuel Ward. The court acquired no jurisdiction over the person of Casselli, because the petition showed that all the parties were non-residents. It is contended, however, that the court acquired jurisdiction in the case, and was competent to render judgment against the defendant Casselli, because of the attachment, and the service of summons upon Ward to appear and answer as garnishee. It is insisted that the failure of Ward to appear and answer was equivalent to a confession that Ward was indebted to the defendant Casselli, and that this was equivalent to the seizure of Casselli's property under the attachment, which gave the court jurisdiction to render the judgment against Casselli. We do not think that these propositions can be maintained. It would result, if these propositions be true, that the jurisdiction of a court may spring out of, and be made to depend upon presumptions alone, without any fact being

10Y

shown to exist which gives jurisdiction, and even without the allegation of any fact as the foundation of jurisdiction.

It is said to be well settled that a judgment against the defendant is an indispensable prerequisite to a judgment against the garnishee. (Drake on Attachments, note to section 697. See also section 460, and cases cited.) In the present case the failure of the garnishee to answer is treated as furnishing a presumption of indebtedness by the garnishee to the defendant, equivalent to the service of the attachment upon the property or credits of the defendant, and giving to the court jurisdiction to render the judgment against the defendant; and thus the judgment against the defendant, which is an indispensable prerequisite to the judgment against the garnishee, is obtained; and then the judgment against the defendant is, in its turn, made the measure of the liability of the garnishee. Now the judgment against the defendant was rendered at a time when the law raised no conclusive presumption that the garnishee was indebted to the defendant; because, although the garnishee had failed to answer, it was his privilege to be again called into court, and when so called in, he would be permitted to show in answer to the *scire facias* anything that he might have shown if he had come into court in the first instance, or anything that he might show in an action by the defendant against him. The judgment against the defendant was, therefore, rendered at a time when the court had no jurisdiction to render such a judgment. The fact of the indebtedness of the garnishee to the defendant was not ascertained, and was not shown to the court, in any such conclusive manner as to authorize the court to treat the fact as ascertained, and to make it the basis of jurisdiction. It follows that the judgment against the defendant Casselli, having been rendered when the court had no jurisdiction to render it, gave the plaintiff in that judgment no rights against the garnishee. It cannot be treated as the indispensable prerequisite to a judgment against the garnishee. It cannot sustain the subsequent proceedings against the garnishee.

In the case of Thompson v. Allen, (4th Stewart & Porter, 184,) the court said, in speaking of a statute similar to our attachment law of 1839, "The statute treats a levy upon property

by attachment, as equivalent to personal service of process, and the summoning of one indebted to the defendant is the levy of the attachment upon property. True, such indebtedness must exist, where no property is actually levied on, or the court cannot so far take jurisdiction as to render a judgment against the defendant to the attachment."

And Mr. Drake, in his work on attachment, says "that in order to a recovery against a garnishee it must be *shown affirmatively*, either by his answer or by evidence *aliunde*, that he has property of the defendant in his hands, or that he is indebted to the defendant. The law will not presume him liable. (Drake on Attachments, sec. 461.)

So, in all the cases that can be found in the books, courts have refused to render judgments against garnishees until their indebtedness was shown, or until it was shown that they had property belonging to the defendant in their possession.

We think that the court, in the suit against Casselli, erred in making the presumption of indebtedness by the garnishee to the defendant, the ground of jurisdiction, and that the judgment against Casselli was a nullity, and that the subsequent proceedings against the garnishee were also null, for want of jurisdiction in the court. It follows that no rights could spring out of those void judgments, and that the court below, in the present suit, did not err in refusing to revive the judgment against the garnishee.

The judgment of the court below is affirmed.

Judgment affirmed.