G. M. THOMPSON & CO. v. R. E. BURNHAM.

(No. 2029, Op. Book No. 2, p. 301.)

APPEAL from McLennan County. Opinion by QUINAN, J.

§ 1058. *Garnishment; suit by, should be continued, when.* Appellants sued one Miller for debt, and in that suit obtained a writ of garnishment against appellee. Upon the trial of the suit against Miller, judgment was rendered in favor of Miller, and appellants appealed to the court of appeals. The garnishment case against appellee was called for trial after the judgment in favor of Miller, and appellants moved the court to continue it until the decision of the court of appeals could be had in the case against Miller. The court refused this motion, and gave judgment that appellants take nothing by their garnishment, and that the garnishee go hence without day. *Held,* that this was error. The case should have been continued to abide the appeal. The plaintiffs' right to recover against the garnishee depended upon their recovery against the defendant. That right was not determined by the judgment of the county court. It might be that upon appeal the judgment of the county court would be reversed and rendered, or upon another trial that judgment would go for the plaintiffs. In that case the plaintiffs would be entitled to the benefit of their writ of garnishment, if regularly sued out, etc. By the action of the court they would be deprived of this remedy which the law gives them. It would have been an idle thing to proceed in the trial, for unless the plaintiffs had recovered judgment against the defendant, they could have none against the garnishee. [Haggerty v. Ward, 25 Tex. 144.] The judgment of the county court

was reversed, and the cause was remanded to abide the determination of the principal case, to which this garnishment proceeding is simply auxiliary.

June 22, 1881.          Reversed and remanded.