## J. B. GOODMAN V. HENLEY & GABBERT.

### No. 7687.

1. **Jurisdiction Against Nonresident Debtor.**—Garnishment against debtors of a nonresident defendant will confer jurisdiction to render judgment against the defendant to the extent of the indebtedness acknowledged by the garnishees.

2. **Injunction—New Trial.**—Garnishees against whom judgment had been rendered upon their answers acknowledging indebtedness can not enjoin such judgment in absence of fraud, accident, or mistake, whereby they were prevented from making a proper defense, as by showing that the debt had been assigned by the defendant prior to the answer in the garnishment proceedings.

3. **Same.**—If garnishees permitted a judgment to be rendered against them when it ought not to have been, the fact that the judgment may not relieve them from liability to the holder of the claim by assignment not a party to the proceedings furnishes no reason why the plaintiffs obtaining judgment upon their answer should be denied the benefit of such judgment.

4. **Money Paid into Court.**—The plaintiffs having judgment against the garnishees for the amount acknowledged in their answer, were entitled to execution and to have it enforced. This was prevented by the application for injunction, which was granted upon garnishees depositing the money in court. The funds so deposited occupy the same status as if collected by the sheriff and by him deposited in court upon the issuance of the injunction. There being no effort to set the judgment aside, nor any right to the fund shown adverse to plaintiffs, upon the dissolution of the injunction plaintiffs would be entitled to the money.

5. **Pleadings.**—Defendants in execution by injunction sought to restrain the collection of an execution. The money was deposited in court. The right to the fund was litigated. The plaintiffs in execution asserted their right to the fund with prayer for general relief. *Held*, the pleadings were sufficient without a specific prayer to have the money paid them.

6. **Practice in Supreme Court.**—Errors assigned in the contention with parties below not included in the appeal can not be considered by this court; nor will error assigned but not supported by a brief have attention.

APPEAL from Dallas. Tried below before Hon. Chas. Fred. Tucker. The opinion gives a statement.

*Crawford & Crawford*, for appellant.—1. The assignee of a foreign corporation can sue in the courts of this State upon a chose in action assigned by the corporation, notwithstanding the suit could not be maintained by the assignor. The disability to sue does not attach to the cause of action, but is confined to the person of the plaintiff. Sec. 3, Act April 3, 1889; Peterson v. Bank, 32 N. Y., 21; Campbell v. Brown, 64 Iowa, 426; McBride v. Bank, 26 N. Y., 453.

2. The C. J. L. Meyer & Sons Company was a corporation engaged in interstate commerce, and as to such corporations the Act of April 3, 1889, is void, being in conflict with that provision of the Federal Constitution which gives to Congress the power to regulate commerce between the States. Const. U. S., sec. 8, art. 4; Pembina Co. v. Pennsylvania, 125 U. S., 181; Pickard v. Pullman Car Co., 117 U. S., 43;

Leloup v. Port of Mobile, 127 U. S.; Lyng v. Michigan, 135 U. S., 161; Call v. California, 136 U. S., 113; Fecheimer v. Louisville, 84 Ky., 306.

3. A general voluntary assignment for the benefit of creditors made by an insolvent debtor in accordance with the laws of the place of his domicile will pass title to all his choses in action without reference to the domicile of the debtor of such assignor. Weider v. Maddox, 66 Texas, 372.

4. There being no proof that the laws of Illinois differ from the laws of this State, the presumption is that they are the same, and the rights of the parties must be determined by our laws. Crosby v. Huston, 1 Texas, 231; Porcheler v. Bronson, 50 Texas, 561; Peterson v. Bank, 32 N. Y., 49.

No brief for appellees has reached the Reporter.

STAYTON, Chief Justice.—On March 5, 1890, Petri & Bro. brought an action against the Meyer & Sons Company, a private corporation domiciled in the State of Illinois.

The only service of citation on the corporation was made by notice served on its president in the State of Missouri, and there was no appearance for it.

A writ of attachment was sued out but not levied. A writ of garnishment was also sued out and served on Henley & Gabbert on March 8, 1890, and on May 8 of same year they filed an answer in which they admitted an indebtedness of $1394.94 to the corporation. Writs of garnishment were also served on other persons.

On June 6, 1890, a judgment by default was rendered against the corporation and in favor of Petri & Bro. for $8168.91, but this restricted the right to levy execution to property or credits brought under control of the court through writs of garnishment.

On June 7, 1890, judgment was rendered in favor of Petri & Bro. against the garnishees Henley & Gabbert for the sum admitted by them to be due to the corporation, and on this execution issued, which was in the hands of the sheriff and about to be levied on property of the garnishees when they brought this suit.

After stating the facts already mentioned, the petition alleges that on December 13, 1889, the C. J. L. Meyer & Sons Company became insolvent and made a voluntary assignment under the laws of Illinois conveying to J. B. Goodman of Chicago all its property and effects (including the debt due by Henley & Gabbert to the Meyer & Sons Company), for the benefit of its creditors, and that Goodman accepted the assignment on December 14; that the title to all of the property of the corporation vested in Goodman by virtue of the assignment, and that the debt due from Henley & Gabbert to it was not subject to gar-

nishment. The petition alleges that when Henley & Gabbert filed their answer to the writ of garnishment they did not know that Goodman had accepted and qualified as assignee, and all the information they had was from newspaper statements to the effect that said corporation had failed and made some kind of assignment in Illinois. The petition alleges that Goodman is claiming the $1394.94 due the Meyer & Sons Company as assignee, and threatening to sue for it. It avers that the judgment of Petri & Bro. against the Meyer & Sons Company is void for want of jurisdiction. Henley & Gabbert bring the money, $1394.94, into court and pray that Petri & Bro. and J. B. Goodman be required to interplead and assert their respective rights to the fund, and for an injunction restraining the collection of the judgment rendered against them as garnishees, and that the money be paid to whom the court shall decree it to belong. The injunction was granted as prayed for, on condition that the sum due should be first paid into court.

Petri & Bro. answered by a general demurrer and special exceptions.

1 and 2. The petition shows no equity, and fails to show why the matters now relied upon were not presented before judgment was rendered in the garnishment proceedings.

3. It fails to show that Goodman has sued or that he can successfully prosecute his contemplated suit against the garnishees.

4, 5, 6. The petition does not allege that when the answer of the garnishees was filed they were ignorant of the fact that an assignment had been made by the Meyer & Sons Company to Goodman; but does show that when said answer was filed they knew that the corporation had made some kind of an assignment, and that before the judgment was rendered against them they could have ascertained its terms.

7. No reason is shown why an application for new trial was not made during the term.

9. The petition alleges that the C. J. L. Meyer & Sons Company was a foreign corporation, and does not allege that it has obtained a permit to do business in this State, and that for this reason the assignee could not sue in this State.

10. They except to so much of the petition as alleges the invalidity of the judgment against the garnishees, because it is not sought to vacate the judgment.

All these exceptions were overruled, and they answered to the merits controverting the right of Goodman to the fund paid into court by Henley & Gabbert, and prayed for damages for the wrongful suing out of a writ of injunction, and for general relief.

J. B. Goodman answered that on December 14, 1889, the C. J. L. Meyer & Sons Company was a corporation doing business at Chicago, Illinois, was insolvent, and on said day made and delivered to him a deed of assignment in conformity to the voluntary assignment laws of the State of Illinois, whereby said corporation conveyed to him in trust

for the benefit of its creditors all of the estate and effects of said corporation, including the debt due it from Henley & Gabbert; that the deed of assignment was made and the claim against Henley & Gabbert delivered to him long prior to the institution of the garnishment proceedings against Henley & Gabbert. He says that as such assignee he is entitled to the money deposited in court, and prays for an order directing the clerk to pay it over to him, but there was no prayer for judgment against Henley & Gabbert for the sum originally due from them to the corporation.

In answer to the pleadings filed by J. B. Goodman, Petri & Bro. pleaded in abatement that the C. J. L. Meyer & Sons Company was a private foreign corporation incorporated under the laws of Illinois, with its place of business at Chicago, in said State. That said corporation has not filed its charter or obtained a permit to do business in this State; that it could not sue in the courts of this State, and that its assignee, Goodman, having no greater rights than the corporation, has no standing in court, and pray that his cross-action or plea be abated and held for naught. As to Goodman they also file a general demurrer and general denial.

The court heard proof upon the allegations of the respective parties, and rendered a judgment in favor of Petri & Bro. for the money deposited in court, less the costs of the proceeding, which it was adjudged should be paid to Henley & Gabbert out of that fund.

The court decided the cause against Goodman on the ground that he could not maintain an action for the reasons set up in the plea filed by Petri & Bro., and as against him they recovered costs. This appeal is prosecuted by Goodman against Petri & Bro., and Henley & Gabbert are not now before this court. ·

It is urged that the court erred in ruling that Goodman, under the statute passed April 3, 1889 (General Laws, p. 88), was not entitled to maintain his action because the foreign corporation which made the assignment to him had not a permit to do business in this State.

In the view taken of this case it is not deemed necessary to inquire whether the facts, in the suit by the corporation against Henley & Gabbert, would bring it within the operation of the statute referred to; whether the assignee would be subject to the same incapacities as might be the corporation, nor to inquire what, if any, effect could lawfully be given to so much of the statute referred to as forbids the maintenance of suits in the courts of this State by foreign corporations who have not filed their articles of incorporation in the office of the Secretary of State; for there are reasons why the judgment must be affirmed even if the ruling of the court in this respect was erroneous.

It is claimed that the court should have adjudged the money paid into court by Henley & Gabbert to Goodman. There is no controversy as to the facts on which the rights of the parties depend, and for the

purposes of this case it will be assumed that all rights which the corporation had to the sum due from Henley & Gabbert passed to Goodman by the assignment, and it will be further assumed that when cited as garnishees Henley & Gabbert might have set up the assignment, and thus have defeated the right of Petri & Bro. to a judgment against them.

There can be no doubt that the District Court for Dallas County acquired jurisdiction to render a judgment in favor of Petri & Bro. against the corporation in so far as it assumed to do so, and to maintain the judgment against Henley & Gabbert as garnishees it is only necessary that the court should have had power to enter a decree that would bind the corporation in so far as the matter in the hands of the garnishees was concerned.

Suit was brought against the corporation in a court having jurisdiction of the subject matter, the notice required by the statute was given to the nonresident corporation defendant, and the service of the writ of garnishment brought under the control of the court and in a sense within its custody the sum due to that corporation by the garnishees.

While this did not confer on the court jurisdiction to render a judgment binding *in personam* against the corporation, it did confer on the court jurisdiction to enter a judgment binding on that which by process had been in a sense seized, and under the jurisdiction thus acquired a judgment was rendered against the corporation that went no further than the jurisdiction acquired authorized, and that judgment was followed by one against the garnishees on their answer admitting the indebtedness to the corporation defendant.

These judgments, so long as not set aside in some lawful manner, are binding on the parties, and on satisfying that rendered against themselves Henley & Gabbert have a complete defense against any claim the corporation might set up against them on the indebtedness made the basis of the judgment in garnishment.

The question whether Henley & Gabbert were indebted to the corporation was the issue in the garnishment proceeding, and their answer admitted that against them. They now seek in effect to avail themselves of a defense that was once open to them but now cut off by the judgment they voluntarily permitted to go against them. They do not now even ask to have that judgment set aside, but seek to show that it ought not to have been rendered, and this without showing that by fraud, accident, or mistake they were in any manner prevented from making a proper defense.

If the garnishees permitted a judgment to be rendered against them when it ought not to have been, the fact that this may not relieve them from liability to Goodman, who was not a party to that proceeding, furnishes no reason why Petri & Bro. should be denied the full benefit of the judgment obtained by them. Ratzein v. Cox, 22 Texas, 66. Some, at least, of their exceptions should have been sustained.

It is now unnecessary to determine whether the judgment rendered in this case, if not set aside, will bar an action by Goodman, as assignee, against Henley & Gabbert, for that question is not before us.

The only question made by the pleadings was as to the respective rights of the parties to the fund paid into court.

It was the right of Petri & Bro. to have execution, and through it to enforce their judgment against Henley & Gabbert. This they sought to do, and but for the injunction granted to the latter on condition that the sum awarded by the judgment should be first paid into court no doubt they would thus have collected the sum due them. Under this state of facts the money paid into court must stand just as it would had it been collected under the execution by the sheriff and by him paid into court under order on the granting of the injunction.

Goodman may have right to collect as assignee from Henley & Gabbert the sum which they owed to the corporation assignor, a matter on which we now express no opinion, but he shows no right whatever to the fund paid into court. As before said, he does not even ask a judgment against Henley & Gabbert, but seeks to have the money in court paid to him, and to this relief he is not entitled.

It is suggested that Petri & Bro. do not specifically pray to have the money in court paid to them, but their entire pleading is an assertion of right to it; that is the fund to which they are entitled to look for payment of their judgment, and their prayer for general and special relief is sufficient.

Petri & Bro. have filed many cross-assignments of error which question the correctness of the rulings of the court on their exceptions to the petition of Henley & Gabbert, but these can not be considered unless Henley & Gabbert were before the court; but if they were considered no conclusion that could be reached on them would change the result of this appeal.

The judgment allowed to Henley & Gabbert costs of this action against Petri & Bro. to be paid out of the fund in court, and Petri & Bro., through a cross-assignment of error complain of this, but we can not consider their cross-assignment unless Henley & Gabbert were before us on this appeal, and if they were, as Petri & Bro. have filed no brief, their cross-assignment under the rules would be deemed waived.

There is no error in the judgment in favor of Petri & Bro. of which Goodman, the only appellant, has a right to complain, and the judgment of the court below will be affirmed.

*Affirmed.*

Delivered April 14, 1891.