E. L. WILSON HARDWARE COMPANY V. ANDERSON KNIFE AND BAR COMPANY.

Decided December 14, 1899.

**1. Garnishment—Jurisdiction—Nonresident.**

Garnishment against a debtor of a nonresident defendant will confer jurisdiction on the court to render judgment against such defendant to the extent of the indebtedness acknowledged by the garnishee, although the plaintiff be also a nonresident corporation whose cause of action accrued in another State upon an open account.

**2. Same—Prior Return of Attachment Not Requisite.**

In an action where an original attachment has issued plaintiff may sue out a writ of garnishment without waiting for the return of the writ of attachment. Rev. Stats., arts. 217, 219.

**3. Same—Affidavit by Attorney.**

Where an affidavit for garnishment, made by an attorney for a nonresident client, states in the language of the statute that "plaintiff has reason to believe and does believe" that the grounds for the garnishment exist, it is sufficient, although it does not state that the affiant so believes. Revised Statutes, articles 5, 219, construed.

APPEAL from Jefferson. Tried below before Hon. STEPHEN P. WEST.

*Votaw & Martin,* for appellant.

*W. R. Blain,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—The record in this case sustains the following statement of the nature and result of this suit, and of the material facts in the case, which we copy from appellee's brief:

On the 13th day of December, 1897, appellee filed suit upon an account, duly verified, in the District Court of Jefferson County, Texas, against the Branch Crooks Saw Company, a foreign corporation, for the sum of $1637.32, alleging in its petition that defendant "has property and money due it in said Jefferson County, Texas." No service was had on defendant except as provided by article 1230 of the Revised Statutes,

nor was there any answer or appearance of the defendant in that suit. On the same day suit was filed, the plaintiff (appellee) caused a writ of attachment to issue directed to the sheriff of Jefferson County, which was returned on the 14th day of December, 1897, not executed, and no property found in said county subject to levy. In aid of said original attachment, the plaintiff in said suit caused to be issued, on the 13th day of December, a writ of garnishment against E. L. Wilson Hardware Company, appellant, which garnishment suit was docketed as a distinct cause of action, as provided by law. The writ of garnishment was served on the same day it was issued, and on the 24th day of May, 1898, the garnishee filed its original answer, denying all indebtedness to defendant Branch Crooks Saw Company, and to this answer plaintiff filed its traverse. On the 17th day of June, 1899, the garnishee filed its amended answer admitting an indebtedness to the defendant in the main cause of $602.61, and on the same day, after the filing of said answer, the original suit was tried before the judge without a jury, and the court, after hearing evidence and inspecting the record, rendered judgment for plaintiff "for the sum of $602.61, against the said Branch Crooks Saw Company, and foreclosing the garnishment lien upon the said sum so found to be due" by the E. L. Wilson Hardware Company to defendant, but gave no personal judgment against the defendant. There is no objection raised by any assignment of error to said judgment, or the validity or form thereof. On the same day, to wit, the 17th day of June, and after the entry of the judgment against Branch Crooks Saw Company, the garnishment proceeding was heard and judgment rendered against the garnishee, E. L. Wilson Hardware Company, for said sum of $602.61, and from this judgment appellant prosecutes this appeal. There were no controverted facts in issue.

Appellant, by proper assignments, questions the correctness of this judgment upon three grounds: First, he asserts that the court was without jurisdiction of the persons and subject matter of this suit, because both plaintiff and defendant (in the original suit) are nonresident corporations, and the suit is upon an open account, the cause of action accruing in another State, and the defendant has not answered and submitted itself to the jurisdiction of the court; second, because the writ of garnishment was applied for before the writ of attachment was returned; and third, because the affidavit for writ of garnishment shows that it was made by the attorney for plaintiff, and fails to allege that said affiant had reason to believe, and does believe, the facts stated in the affidavit, but alleges that plaintiff has reason to believe and does believe such facts.

We think none of these objections are valid. That a garnishment against a debtor of a nonresident defendant will confer jurisdiction to render judgment against such defendant to the extent of the indebtedness acknowledged by the garnishee, is so well established by the decisions of our Supreme Court that we do not apprehend appellant intends to deny the correctness of the doctrine, and we presume his first objection to the

judgment is based on the theory that the garnishment proceeding is void. Haggerty v. Ward, 25 Texas, 144; Berry v. Davis, 77 Texas, 191; Goodman v. Henly, 80 Texas, 499.

As to appellant's second objection, we think that the statute, articles 217 and 219, does not require a litigant who is entitled to a writ of garnishment on the ground that an original attachment has been issued in the case, to wait until such attachment has been returned before having his writ of garnishment issued, and appellant has cited us to no authorities which so hold. We see no reason why a litigant should be so restricted in prosecuting his statutory remedy, but on the contrary conceive that, in many instances, it would be necessary for him to have both writs issued at the same time, in order to prevent the loss of his debt.

Appellant's third objection presents a question of more difficulty. Article 219 of our Revised Statutes reads as follows: "Before the issuance of the writ of garnishment the plaintiff shall make application therefor in writing, under oath, signed by him, stating the facts authorizing the issuance of the writ, and that plaintiff has reason to believe, and does believe," etc. Article 5 of the statute provides that whenever at the commencement or during the course of any civil suit or judicial proceeding it may be necessary or proper for any party thereto to make an affidavit, such affidavit may be made by either the party or his agent or attorney. In the case of Simon v. Greer, 34 South western Reporter, 343, in passing upon the converse of the proposition advanced by appellant, the court holds that it is not necessary for an agent, in making an affidavit for attachment, to allege that the plaintiff has reason to believe and does believe the facts stated in the application, but that it is sufficient to allege that he, affiant, so believes, and that an agent is not required to swear to what his principal believes. The court further say, in the opinion, that when the agent resides in Texas and the principal in New York, it is impossible for him to know what his principal believes. The intimation from the opinion is that an affidavit like the one in question would be insufficient, but it is not so decided. In the case of Doll v. Mundine, 84 Texas, 315, it is held that an attorney who makes an affidavit for a continuance is not required to show in the affidavit that he has personal knowledge of the facts therein stated; and that the attorney has the same right to make the affidavit that the law confers upon his client.

The affidavit in question in this case being in literal compliance with the statute, we do not think we would be justified in holding it insufficient on the ground that the facts therein stated could not have been within the personal knowledge of the affiant. Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.