## J. H. BROWN ET AL. v. GUARANTEE SAVINGS LOAN & INVESTMENT COMPANY.

### Decided May 4, 1907.

**1.—Foreign Corporation—Permit to do Business.**

In a suit by a foreign corporation to foreclose a vendor's lien and to recover upon a note executed by a citizen of this State it is not necessary for the corporation to allege and prove that it had a permit to do business in this State, the ownership of the note does not necessarily involve doing business in the State.

**2.—Same—Cases Distinguished.**

The cases of Taber v. Interstate B. & L. Ass., 91 Texas, 92, Allen v. Tyson Jones Buggy Co., 91 Texas, 22, L. Miller Co. v. Goodman, 91 Texas, 41, and Chapman v. Hallwood Cash Register Co., 73 S. W. Rep., 969, reviewed and distinguished.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*E. P. Scott* and *Burdett & Connor,* for appellants.

No brief for appellee.

RAINEY, CHIEF JUSTICE.—Appellee brought this suit against appellants to recover on a note and to foreclose a vendor's lien on certain land. Appellants answered by general demurrer, general denial and other pleas not necessary to mention. Upon a trial before the court without a jury judgment was rendered in favor of appellee for the amount of the note and foreclosure of the lien.

Under the assignments the proposition arises that it was necessary to allege and prove that plaintiff, being a foreign corporation, had a permit to do business in the State of Texas. Plaintiff alleged that it was a corporation duly and legally incorporated and domiciled in the city of Philadelphia, Pennsylvania, that the defendants live in

Texas; that defendant Long bought the land described, which is situated in Lamar County, for which a certain note was executed and to secure which a lien was reserved in the deed, said note being payable in Paris, Texas. That said Long applied to purchase sixteen shares of stock in plaintiff upon certain terms, which application was accepted, whereby said Long became a member of plaintiff and bound by its by-laws, rules and regulations governing stock therein. That said Long then made application to borrow from plaintiff $1,600, which was granted, and to secure same said Long executed his deed of trust to the land described, the full agreement being stated. That after said transaction said Long sold and conveyed said land to one Brown who assumed the payment of said loan and also Long transferred said stock to said Brown, etc., and further allegations showing that contract had been breached, etc., and praying for a recovery on the note and for a foreclosure of the lien.

There was nothing further alleged going to show that plaintiff was required to secure a permit than the foregoing. Nor was there any proof adduced on the proposition at all. There was only one transaction shown by the petition. This does not show that plaintiff was "doing business" in this State in contemplation of article 745, Revised Statutes. There is nothing shown in the petition from which it can be inferred that it was so "doing business." Nor was there any proof adduced that tended to establish that fact. Therefore, it was not necessary to allege and prove that plaintiff had secured a permit to do business from the State. Norton v. Thomas, 15 Texas Ct. Rep., 618; King v. Monitor Drill Co., 15 Texas Ct. Rep., 315.

This case is different from the case of Taber v. Interstate B. & L. Ass., 91 Texas, 92. There a Georgia corporation suing alleged it had a branch office in Texas and had a permit from the State to do business in Texas, but no proof was made that it had such permit. The court held that it must not only allege, but must prove that it had the necessary permit from the State to do business. In this case no such allegations were made, nor any proof save of the single transaction, and it is not even shown that said transaction was made in Texas.

The cases of Allen v. Tyson-Jones Buggy Co., 91 Texas, 22, and L. Miller Co. v. Goodman, 91 Texas, 41, involved transactions coming within interstate commerce and of course are not applicable. In the case of Chapman v. Hallwood Cash Register Co., 73 S. W. Rep., 969, a suit by a foreign corporation, it alleged it had an office in the city of Dallas, Texas, and that the consideration for the sale of the cash registers was payable at Dallas. From this it was concluded the corporation was doing business in Texas.

There being nothing in the allegations or proof in this case showing that appellee was doing business in Texas it was not necessary to allege and prove that it had a permit from the State to engage in business in this State. The judgment is affirmed.

*Affirmed.*