STUDEBAKER HARNESS CO. v. GERLACH MERCANTILE CO.
(No. 1116.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 7, 1917.)

1. CORPORATIONS ☞672(4, 7)—FOREIGN CORPORATION—DOING BUSINESS.

It was not incumbent on plaintiff foreign corporation to plead and prove that it had a permit to do business in the state, or that its cause of action did not arise in such manner as not to come within the terms of Rev. St. arts. 1314, 1318, where the record was silent as to whether it was transacting or soliciting business in the state, had a general or special office therein, or whether the indebtedness sued on arose out of a transaction of business in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2647, 2648.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. GARNISHMENT �köö171 — SALE IN BULK — STATUS AS CREDITOR—QUESTION FOR JURY.

In garnishment proceedings against the purchaser of a debtor's stock of goods in bulk, question whether plaintiff was a creditor of the seller at the time of the sale *held* for the jury.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 312.]

3. JUDGMENT ⊛≫17(11)—JUDGMENT AGAINST NONRESIDENT—SUPPORT BY GARNISHMENT.

Judgment against a nonresident debtor, cited only by publication, would have been void without garnishment proceedings against the purchaser of the debtor's stock of goods in bulk, because the court, in such event, would have had no jurisdiction either of defendant's person, so as to render a personal judgment against him, or of any property, against which the judgment might be enforced.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 33.]

4. JUDGMENT ⊛≫807—GARNISHMENT—JURISDICTION TO ESTABLISH PLAINTIFF'S DEMAND AGAINST NONRESIDENT.

When the property of a nonresident defendant is in the possession of the court by attachment or garnishment, the court has jurisdiction to establish by its judgment plaintiff's demand, and to enforce its execution out of the property seized.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1431, 1432.]

5. JUDGMENT ⊛≫206—GARNISHMENT—LIMITING MAIN JUDGMENT.

In proceedings against a nonresident defendant, wherein writ of garnishment is sued out, it is proper and usual to follow general judgment establishing the debt against defendant by a restriction limiting its execution to the property in the custody of the court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 379.]

6. JUDGMENT ⊛≫206 — GARNISHMENT—FAILURE TO LIMIT EXECUTION—VALIDITY.

In suit against a nonresident debtor, wherein writ of garnishment was sued out, failure of the court to limit execution of the judgment in the main suit to the property reached by the garnishment proceedings will not render the entire judgment a nullity, which, the court having jurisdiction to enter judgment of debt for the particular purpose, will be given effect in so far as the court had power to render it, that is, to the extent of any property found to be in the hands of the court by virtue of the garnishment proceedings, since a garnishment is but a species of attachment, both conferring on the court the power to deal with the property taken into its possession, and both creating a lien on it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 379.]

7. EVIDENCE ⊛≫43(2) — JUDICIAL NOTICE — PROCEEDINGS IN COURTS.

While a garnishment suit is docketed separately from the main suit, it is ancillary to and a part of the main suit, and the court on appeal from judgment in the garnishment suit will take judicial notice of the proceedings in the main suit.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 63.]

8. EVIDENCE ⊛≫546 — OPINION EVIDENCE — QUALIFICATION OF EXPERT.

The decision of the preliminary question of the qualification of an expert is usually within the discretion of the trial court.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2363.]

9. EVIDENCE ⊛≫489 — OPINION EVIDENCE —VALUE.

In garnishment proceedings against the purchaser of a stock of goods in bulk, where the evidence indicated that the goods were bought and moved in bulk and intermingled with other goods, so that exact and accurate description and valuation might not be possible, while it also indicated that whoever bought the stock, whether the garnishee or another, got a large stock, the value of which was perhaps many times the value of the amount of plaintiff's indebtedness, under such circumstances a´ very general knowledge of values rendered one competent to give expert testimony thereon, and the court was justified in being more liberal in the admission of such testimony than in a case where the amount of recovery or the decision depended on an accurate and exact valuation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2274.]

Appeal from Hemphill County Court; J. L. Jennings, Judge.

Suit by the Studebaker Harness Company against James Margetts, wherein writ of garnishment was sued out against the Gerlach Mercantile Company. From a judgment for the garnishee, plaintiff appeals. Case reversed and remanded.

See, also, 183 S. W. 431.

Fisher & Palmer, of Canadian, for appellant. Hoover & Dial, of Canadian, for appellee.

BOYCE, J. The controversy in this case between the appellant, Studebaker Harness Company, and the appellee, the Gerlach Mercantile Company, arose in a garnishment suit, in which the Gerlach Mercantile Company was garnishee, ancillary to a suit by the Studebaker Company against James Margetts. The Studebaker Company filed suit against Margetts in the J. P. court, and at the time of filing such suit sued out a writ of garnishment against the Gerlach Company. Margetts was cited by publication as being a nonresident, and judgment was entered on such citation in favor of the Studebaker Company against Margetts, for the sum of $125 principal, besides interest and costs of suit. The Gerlach Company answered in the garnishment suit, denying that it was indebted or had assets of the said Margetts in its possession. This answer was controverted by the Studebaker Company, it being alleged in the controverting affidavit that the said Gerlach Company had bought and taken possession of the entire stock of goods of the said James Margetts, who was engaged at the time in the mercantile business, without complying with the Bulk Sales Law (Acts 31st Leg. c. 27), by notifying creditors, etc. The Gerlach Company replied, denying that it was a bulk sales transaction, and asserting that the corporation did not buy the goods. The garnishment case was appealed to the county court, and on the trial before a jury evidence was introduced that would justify the jury in finding that Margetts being engaged in the mercantile busi-

ness sold his stock of goods to the Gerlach Company in such manner as to bring the sale within the provisions of the Bulk Sales Law. The court, on the trial, instructed a peremptory verdict for the Gerlach Company, the garnishee, and the appeal is from the judgment entered on this verdict.

The decision of the appellant's assignments of error, complaining of the action of the court in giving the peremptory instruction, presents these questions: (1) Whether, it appearing that the plaintiff Studebaker Company was a foreign corporation, it was necessary for it to plead and prove that it had a permit to transact business in Texas, or, if it had not, to show facts that would entitle it to maintain the suit, notwithstanding it did not have the permit; (2) whether there is any evidence that the goods were purchased of James Margetts by the Gerlach Company; (3) whether there is any evidence that the plaintiff was a creditor of James Margetts at the time of the sale in question; (4) whether the judgment rendered in the main case against Margetts was absolutely void as being merely a personal judgment affording no basis for the rendition of a judgment in the garnishment case.

[1] While the record shows that the appellant is a foreign corporation it is silent as to whether it was transacting or soliciting business in the state or had a general or special office in the state, or whether the indebtedness sued upon arose out of a transaction of business in Texas. Under such circumstances, it was not incumbent on the appellant to plead and prove that it had a permit or that its cause of action did not arise in intrastate commerce or such manner as not to come within the terms of articles 1314 and 1318 of the Revised Statutes. Brin v. Wachusetts Shirt Co., 43 S. W. 295; King v. Monitor Drill Co., 42 Tex. Civ. App. 288, 92 S. W. 1047; Brown v. Guarantee Savings, Loan & Investment Co., 46 Tex. Civ. App. 295, 102 S. W. 138; New State Land Co. v. Wilson, 150 S. W. 253; Adams v. Gray & Dudley Hardware Co., 153 S. W. 650; Panhandle Telephone & Telegraph Co. v. Kellogg Switchboard & Supply Co., 62 Tex. Civ. App. 402, 132 S. W. 963. So that the action of the court in giving a peremptory instruction could not be justified on this ground, if it be conceded that this question could be raised in the trial of the garnishment case.

We think the testimony of Gerlach, president of the Gerlach Mercantile Company, taken in connection with that of its bookkeeper, Nolen, would be sufficient to justify the conclusion by a jury that Gerlach bought the goods for the corporation, and not for himself individually.

[2] The evidence tending to prove that appellant was a creditor of Margetts at the time of the alleged sale to the Gerlach Company is only indirect. The sale was made in July, 1913. Suit was filed by the Studebaker Company against Margetts in October, 1913. There is no direct testimony as to the time when the indebtedness in favor of the Studebaker Company against Margetts was incurred, nor as to the character of the indebtedness, the only testimony on this point consisting of a statement by one of appellant's attorneys, that he was attorney for plaintiff in the original suit, and that "the original cause of action was in the spring of 1913," and he did not receive any notice of the sale of the stock of goods by Margetts. While this testimony is not as direct on the issue as it might be, it is sufficient, we believe, to have entitled the plaintiff to go to the jury.

[3, 4] The judgment in favor of the Studebaker Company against Margetts recites that service was had by publication, and is in the regular form of a personal judgment for $125, interests and costs, decreeing execution for collection thereof, and does not refer in any way to the garnishment proceedings. This judgment without the garnishment would be void, because the court, in such event, would have no jurisdiction, either of the person of the defendant, so as to render a personal judgment against him, or of any property against which the judgment might be enforced. However, when the property of a nonresident defendant is in the possession of the court by attachment or garnishment, the court has jurisdiction to establish by its judgment the demand of the plaintiff against the defendant, and enforce its execution out of the property seized by virtue of the attachment or garnishment proceedings. Berry v. Davis, 77 Tex. 191, 13 S. W. 978, 19 Am. St. Rep. 748; Goodman v. Henley, 80 Tex. 499, 16 S. W. 432; Wilson Hardware Co. v. Anderson Knife & Bar Co., 22 Tex. Civ. App. 229, 54 S. W. 928; Austin National Bank v. Bergen, 47 S. W. 1037; Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co., 189 S. W. 789; Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931. That part of the judgment establishing the debt is usually in the regular form of an ordinary judgment for debt.

[5] It is no doubt proper, and is usual in this character of cases, to follow this general judgment by a restriction limiting its execution to the property in the custody of the court. In all of the Texas cases we have cited above, except the case of Berry v. Davis, it appears that the judgment in the principal case contained such a limitation. The form of the judgment in the last-mentioned case does not appear from the opinion of the court.

[6, 7] But these authorities establish conclusively that the court has jurisdiction to enter a judgment establishing the debt for the purpose of enforcing it against the property in hand, and the question in this case is whether the failure of the court to limit its execution will render the entire judgment a nullity, or whether, the court having jurisdiction to enter the judgment of debt for the particular purpose, the said judgment will be

given effect in so far as the court had the power to render it, and that part only which was entered in excess of its jurisdiction be held to be void. In the case of Barelli v. Wagner, 5 Tex. Civ. App. 445, 27 S. W. 17, where an attachment had been issued against the property of a nonresident and a general personal judgment, awarding execution was rendered, which was void, it was held that this "did not affect the validity of so much of the judgment as adjudged the amount due the plaintiff, and directed the sale of the attached property to satisfy the same." See, also, Foote v. Sewall, 81 Tex. 660, 17 S. W. 373. A garnishment is but a species of attachment. They both confer upon the court the power to deal with the property, thus taken into its possession, and they both create a lien on such property. In the attachment proceedings there is, of course, only one case on the docket, and the attachment lien is foreclosed in the same judgment with that establishing the debt. In the garnishment case there is usually no foreclosure of the lien in the judgment of debt against the principal debtor, this being effected by the execution of the judgment itself in the garnishment suit. While the garnishment suit is docketed separately, it is ancillary to and a part of the principal suit, and the court will take judicial knowledge of the proceedings in the main suit. Kelly v. Gibbs, 19 S. W. 380, 563 [1]; Kreisle v. Campbell, 89 Tex. 104, 33 S. W. 852. So in this case, we think the proceedings in the main suit, and in the garnishment suit, should be considered together. When so considered, it appears that the court has jurisdiction to enter judgment establishing the indebtedness, and to enforce satisfaction thereof out of any property that may be found to be in the hands of the court by virtue of the garnishment proceeding; and we conclude that the judgment in the principal case and such judgment as may be entered in the garnishment case, in so far as they accomplish that which the court has power to do, will be upheld.

These conclusions will result in a reversal of the judgment. We do not think that the evidence is such as to justify us in rendering judgment as insisted upon by appellant.

[8] The questions raised by assignments as to the introduction of evidence may perhaps not arise in another trial, though we deem it proper to make some statement of the law as to the introduction of evidence establishing the value of the property alleged to have been delivered by Margetts to the Gerlach Company, as most of the assignments as to rulings on the evidence related to this subject. The decision of the preliminary question of the qualification of an expert is usually within the discretion of the trial court.

[1] Reported in full in the Southwestern Reporter; reported as a memorandum decision without opinion in 84 Tex. 143.

Dallas Consolidated Electric Railway Co. v. English, 42 Tex. Civ. App. 393, 93 S. W. 1096; El Paso Ry. Co. v. Smith, 50 Tex. Civ. App. 10, 108 S. W. 988; Missouri, etc., Ry. Co. v. Hedric, 154 S. W. 633. Of course a witness testifying as to value must show some knowledge of the subject, and of facts which would render his testimony of assistance in determining the question in issue.

[9] The evidence in this case indicates that the goods were bought and moved in bulk and intermingled with other goods, so that exact and accurate description and valuation might not be possible. The evidence seems also to indicate that Gerlach or the Gerlach Mercantile Company—whoever bought the stock—got quite a large stock of goods, consisting of harness, saddles, leather, shoes, etc., the value of which was perhaps many times the value of the amount of plaintiff's indebtedness. A very general knowledge of values might, under such circumstances, render one competent to give testimony, and the court would be justified in being more liberal in the admission of such testimony than in a case where the amount of the recovery or decision of the case would depend on an accurate and exact valuation. Gerlach Merct. Co. v. Hughes-Bozarth-Anderson Co., supra.

The case is reversed and remanded for a new trial.