BURROW–JONES–DYER SHOE CO. v.
GERLACH MERCANTILE CO.
(No. 1254.)

(Court of Civil Appeals of Texas. Amarillo.
Jan. 9, 1918.)

1. GARNISHMENT ⬤⟞7—JURISDICTION—JUDGMENT IN REM.

A judgment in rem secured against a nonresident by publication after attachment and garnishment proceedings against his property within the state, binds only the property attached, and does not support garnishment proceedings instituted after the entry of such judgment in rem.

2. GARNISHMENT ⬤⟞183—JUDGMENT IN REM—FORM.

The proper judgment in attachment and garnishment proceedings against a nonresident not personally appearing would be to limit the judgment's execution to the specific property attached or garnished.

3. GARNISHMENT ⬤⟞7 — JUDGMENT TO SUPPORT.

Rev. St. 1911, art. 271, § 3, authorizing garnishment proceedings after judgment, refers to a personal judgment upon which execution might issue.

4. GARNISHMENT ⬤⟞175—JUDGMENT AGAINST GARNISHEE.

There can be no valid judgment against a garnishee without a valid judgment against the principal defendant.

Appeal from Hemphill County Court; Hon. J. L. Jennings, Judge.

Garnishment proceedings by the Burrow-

Jones-Dyer Shoe Company against the Gerlach Mercantile Company. Judgment for garnishee, and plaintiff appeals. Affirmed.

Fisher & Palmer, of Canadian, for appellant. Baker & Willis and Hoover & Dial, all of Canadian, for appellee.

BOYCE, J. Appellant, Burrow-Jones-Dyer Shoe Company, obtained judgment on nonresident notice by publication against James Margetts, with foreclosure of certain attachment liens, and also a judgment against certain garnishees on garnishment issued before rendition of the judgment against Margetts. After the rendition of such judgment against Margetts appellant secured the issuance of garnishment against appellee Gerlach Mercantile Company under the provisions of section 3, art. 271, Revised Statutes, which provide for issuance of garnishment after judgment. After this garnishment proceeding had been tried in the justice court and on appeal to the county court the appellee pleaded that the court was without jurisdiction to try the garnishment proceeding because there was no such judgment against Margetts as would support the garnishment proceeding against it, and this plea was sustained by the county court, and this appeal is from such judgment of the court below.

[1-3] The court, in the original suit against Margetts, did not acquire jurisdiction to render a personal judgment against him. Its jurisdiction was only to proceed in rem against the property seized by its processes of attachment and garnishment and incidental to this right to ascertain and declare the amount of the indebtedness owing by Margetts to the plaintiff in the suit in satisfaction of which the court had the power to sell the property of the said Margetts seized by it and then in custodia legis. The judgment rendered could not, however, be personal. It binds only the property seized, and cannot be made the basis of the issuance of other process against any other property. Black on Judgments, §§ 229, 230; Stewart v. Anderson, 70 Tex. 588, 8 S. W. 295; Freeman v. Alderson, 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 373; R. C. L. vol. 15, p. 642. The proper judgment in an attachment and garnishment proceeding against a nonresident not personally appearing would be to limit the execution of such judgment to the specific property which had been taken under such processes. Goodman v. Henley, 80 Tex. 499, 16 S. W. 432; Wilson Hdwe. Co. v. Anderson Knife & Bar Co., 22 Tex. Civ. App. 229, 54 S. W. 928; Austin National Bank v. Bergen, 47 S. W. 1037; Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co., 189 S. W. 789; Berry v. Davis, 77 Tex. 191, 13 S. W. 978, 19 Am. St. Rep. 748; Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931. And while we held in the case of Studebaker Harness Co. v. Gerlach Mercantile Co., 192 S. W. 546, that

the failure of the judgment to so limit it does not render it absolutely void, and it might be held valid in so far as its enforcement against the property of which the court then had jurisdiction was concerned, we distinctly recognized the principles above announced. A garnishment after judgment is a species of execution appropriate to the seizure of certain kind of property of the defendant, and the judgment referred to in section 3, art. 271, of the Revised Statutes, upon which garnishment process may be issued, is evidently such personal judgment as would authorize the issuance of an execution thereon. Friendman v. Early Grocery Co., 22 Tex. Civ. App. 285, 54 S. W. 278. In recognition of these principles it has accordingly been held that a judgment in rem will not support a garnishment. 20 Cyc. 981; Weston v. Beverly, 10 Ga. App. 261, 73 S. E. 404; Gilcreest v. Savage, 44 Ill. 57.

[4] There could be no valid judgment against the garnishee, unless there is a valid judgment against the defendant, which is the foundation of the garnishment proceeding. Sun Mutual Insurance Co. v. Seeligson, 59 Tex. 4; Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co., 189 S. W. 787.

The judgment against Margetts was only a judgment in rem, and could only affect the property in the custody of the court at that time, and we think the court below correctly held that this garnishment proceeding cannot be maintained on such judgment, and the judgment of the court below will be affirmed.

HUFF, C. J., not sitting, being absent at Austin, serving with committee of judges considering applications for writ of error.