CRISP v. CHRISTIAN MOERLEIN BREWING CO. (No. 6224.)

(Court of Civil Appeals of Texas. San Antonio. May 14, 1919. Rehearing Denied June 11, 1919.)

1. COMMERCE ⬡⟿46—FOREIGN CORPORATIONS —RIGHT TO SUE.

A foreign corporation has the right without obtaining a permit to do business in the state, to collect a debt incurred in the transaction of interstate commerce, and, having accepted a promissory note of a third person in part payment of such debt, may sue thereon in the state, although the note of the third person, who had dealings with the purchaser of the corporation's goods, had made the note payable direct to the corporation.

2. APPEAL AND ERROR ⬡⟿846(6)—FINDINGS OF FACT—EVIDENCE.

Inconsistencies in the evidence, in the absence of findings of fact, must be resolved on appeal so as to support the judgment.

3. CORPORATIONS ⬡⟿642(6)—FOREIGN CORPORATIONS—DOING BUSINESS IN THE STATE.

That a foreign corporation reimbursed a purchaser of its goods for rent paid for premises in which the property bought was stored and for money paid for signs advertising the goods, and furnished a truck for the delivery of goods, retaining the ownership, but requiring the purchaser of the goods to pay the expenses of the upkeep, does not conclusively prove that the corporation was transacting business in the state, being only evidence of such fact.

4. CORPORATIONS ⬡⟿672(4)—FOREIGN CORPORATIONS—PLEADING—PERMIT TO DO BUSINESS.

A petition by a foreign corporation, which contains no allegation that the transaction involved constituted business done in the state, was not subject to a general demurrer because it contained no allegation that plaintiff had a permit to do business in the state.

Appeal from Bexar County Court; John H. Clark, Judge.

Action by the Christian Moerlein Brewing Company against J. T. Crisp. Judgment for plaintiff, and defendant appeals. Affirmed.

Norton & Brown, of San Antonio, for appellant.

Diedrich A. Meyer, of San Antonio, for appellee.

MOURSUND, J. Appellee, a foreign corporation, sued appellant on a promissory note for $800, admitting a credit of $100. Appellant answered by plea in abatement, a general demurrer, special exceptions, a general denial and a special answer. Judgment was rendered for plaintiff.

[1-3] While there are many assignments of error, there is really only one question to be decided, and that is whether the appellee was entitled to sue in our courts. It had not obtained a permit to do business in Texas. It was incorporated under the laws of Ohio for the purpose of the manufacture and sale of pure lager beer, and its principal place of business was Cincinnati, Ohio. The note sued on is referred to in interrogatories as having been given for money loaned appellant by appellee, and in the answer of Funke, assistant secretary of appellee, to

the fourteenth cross-interrogatory the transaction is referred to as a loan. In answer to the eighth interrogatory he described the transaction as follows:

"L. T. Trousdale, a customer of ours at San Antonio, sent us the note in suit, and we credited Trousdale's account in the sum of $800. On a previous occasion Trousdale sent us a note of J. T. Crisp, made payable to Trousdale and indorsed by him. Mr. Trousdale was given credit for this note. On the present occasion the note received was made payable to the company, but Trousdale was given credit for the note in his account. The purpose of the transaction we have no knowledge of other than as stated by Mr. Trousdale."

In answer to the third cross-interrogatory he said:

"The cash money was not sent direct from Cincinnati to Crisp. The note when received was credited to Trousdale, who was in debt to the company for goods purchased by him, and charged to foreign bills J. T. Crisp."

Crisp was a customer of Trousdale & Bunting. While the note was executed directly to appellee, the court was warranted in finding from the evidence that it did not represent a loan from appellee to appellant, but that such note was delivered by appellant to Trousdale & Bunting in satisfaction of some obligation due them by appellant, but, being intended by them to be used in paying their debt to appellee, was made payable to appellee, and actually delivered to appellee by them in part payment of their indebtedness. The court was further warranted in finding that such delivery was made in payment of a debt incurred for beer bought by Trousdale & Bunting from appellee. There was evidence to support the further finding that the beer for the purchase of which the indebtedness accrued was sold by appellee to Trousdale & Bunting, f. o. b. Cincinnati, Ohio; that the contracts of sale involved interstate commerce; that no agency existed on the part of Trousdale & Bunting to·sell the beer manufactured by appellee, but that all sales made by them were for themselves of beer purchased outright by them from appellee. Of course appellee had the right to collect its debt incurred in the transaction of interstate commerce, and, having accepted a promissory note of a third

person in part payment of such debt, it necessarily had the right to sue thereon in our courts. There are some inconsistencies in the evidence, but these, in the absence of findings of fact, must be resolved so as to support the judgment. Certain circumstances shown by undisputed testimony are also relied on as showing the transaction of business in this state. These are, first, that appellee reimbursed Trousdale & Bunting for rent paid for premises in which keg beer bought by them was stored; second, that it reimbursed them for money paid out by them for signs advertising the Moerlein beer; and, third, that it furnished them a truck for the delivery of beer, retaining the ownership, but requiring them to pay the expense of the upkeep. We take it that the granting of these inducements to Trousdale & Bunting would not prove that appellee was transacting business in Texas. Erwin v. Powder Co., 156 S. W. 1097; Pueblo v. Lukens (Colo.) 164 Pac. 1164, L. R. A. 1917E, p. 699.

While the facts thus shown may be consistent with the theory that Trousdale & Bunting were agents for appellee and sold its beer in Texas as such agents, they are not inconsistent with the direct evidence that all beer shipped in was sold to said firm, and that no business was transacted in Texas by appellee. The doing of either of the three acts or all does not in itself constitute the transaction of any business, and such acts are only important as circumstances to be considered in connection with the other evidence. As the performance of such acts did not constitute carrying on business, no reason appears why appellee could not perform same to induce and encourage its interstate commerce in its products.

[4] There is no merit in the suggestion made in argument that the petition is subject to a general demurrer because it contained no allegation that appellee had a permit to do business in Texas. The petition contained no allegation that the transaction involved constituted business done in the state. New State Land Co. v. Wilson, 150 S. W. 253; Panhandle Tel. & Tel. Co. v. Kellogg S. & S. Co., 62 Tex. Civ. App. 402, 132 S. W. 963; Brown v. Guarantee Co., 46 Tex. Civ. App. 295, 102 S. W. 138.

The judgment is affirmed.