## BALDWIN MUSIC SHOP, Inc., v. WATSON.
### No. 2843.

Court of Civil Appeals of Texas. Beaumont.
Nov. 21, 1935.

---

E. B. Lewis, of Center, for appellant.
Dallas Ivey, of Center, for appellee.

O'QUINN, Justice.

Appellant sued appellee in the county court of Shelby county, Tex., to recover on three promissory notes, each in the sum of $100, bearing 6 per cent. interest, and providing that if collected by court proceedings 10 per cent. should be paid as collection fees. Also for the foreclosure of a chattel mortgage on one certain player piano Wurlitzer No. 99577, given to secure the payment of the notes.

Appellee answered by general demurrer, general denial, and specially matters tending to show failure of consideration for the notes.

When the case was called for trial, the defendant, appellee, urged his general demurrer, which the court sustained, and the plaintiff, appellant, not asking for permission to amend its petition, the suit was dismissed. This appeal is from that judgment.

There was no exception to the appellant's petition other than the general demurrer. No matters of defense were pleaded by appellee, other than a general denial, and what we consider an attempted plea of matters to show failure of consideration for the notes sued on. In so far as the form and substance of the plaintiff's petition are concerned, it was in the usual form and contained the matters of substance necessary to recover upon promissory notes. It was not subject to general demurrer. If the defense that plaintiff was a foreign corporation, and under article 1529, R.S. 1925, was required to have a permit to do business in the state and had not complied with that requirement, was urged by virtue of the general demurrer, as we gather from the briefs of both parties, then, as plaintiff's petition did not disclose these facts, this defense could not be interposed by general demurrer to the petition, but must have been plead by the defendant. Panhandle Telephone & Telegraph Co. v Kellogg Switchboard & Supply Co., 62 Tex.Civ.App. 402, 132 S.W.

963 (writ denied); Crisp v. Christian Moerlein Brewing Co. (Tex.Civ.App.) 212 S.W. 531; New State Land Co. v. Wilson (Tex.Civ.App.) 150 S.W. 253; Oklahoma Tool & Supply Co. v. Daniels (Tex.Com. App.) 290 S.W. 727.

Appellee insists that appellant's petition does not disclose what appellant is— that is, whether it is a corporation or a partnership, and therefore the petition was subject to general demurrer, and cites several decisions as sustaining this contention. The petition begins, "Now comes Baldwin Music Shop, Inc., which resides in Caddo parish, state of Louisiana, complaining," and then follows the allegations usual and necessary to recovery upon a promissory note. The petition on its face shows that appellant is a corporation, for it says "incorporated," and no further allegation as to its nature or identity was necessary. Cranfill Bros. Oil Co. v. State (Tex.Civ.App.) 54 S.W.(2d) 813 (writ refused); Texas & P. Ry. Co. v. Bufkin (Tex.Civ.App.) 46 S.W.(2d) 712. The decisions cited by appellee as sustaining his contention that appellant failed to allege whether it was a corporation or partnership are not in point. They show the necessity of a foreign corporation "doing business," or having "a branch office," in Texas, to allege that it is a foreign corporation, and that it has a permit to do business in Texas. We have held that there is nothing in plaintiff's petition disclosing such, and that if such defense was intended, or desired to be interposed, under the state of the pleading, this defense could not be interposed by a general demurrer, but must have been pleaded by the defendant. See authorities cited above.

We will further say that the fact that a foreign corporation accepted a note payable to it in this state does not show that the corporation is doing business in this state within the meaning of article 1529, R.S. 1925. Norton v. W. H. Thomas & Sons Co. (Tex.Civ.App.) 93 S.W. 711 (writ refused). This decision, in the light of appellant's petition, and the facts, seems to be directly in point as to the right of appellant to maintain its suit.

Because the court erred in sustaining the general demurrer, and dismissing the suit, the judgment is reversed and the cause remanded for a new trial. Reversed and remanded.