## MALLEABLE IRON RANGE CO. v. FORD.
### No. 10751.

Court of Civil Appeals of Texas.
San Antonio.

June 5, 1940.

C. Burtt Potter and Miller & Dawson, all of Sinton, for appellant.

Rockey Harkey and Henry V. Broady, both of Sinton, for appellee.

NORVELL, Justice.

Appellant, Malleable Iron Range Company, a foreign corporation with no permit to transact business in the State of Texas, brought this action against appellee, H. M. Ford, upon a promissory note payable to appellant at Sinton, Texas. Appellee sought to abate the suit under the provisions of Articles 1529 and 1536, Vernon's Tex.Civ.Stats.

The trial court, upon hearing, sustained the plea in abatement and dismissed the action, hence this appeal.

Findings of fact were requested and filed. These disclose that, (1) a representative of appellant called upon appellee during the latter part of the year 1934 and solicited orders; (2) appellee at that time placed orders for $500 worth of merchandise "subject to approval of Malleable Iron Range Company, Beaver Dam, Wisconsin"; (3) appellant's representative stated that repairs and replacement parts could be secured at Houston, Texas; (4) appellee thereafter mailed certain orders to appellant in Wisconsin; (5) an attorney representing appellant had called upon appellee in regard to the account owed to appellant and secured a promissory note payable at Sinton, Texas, for the amount due; (6) appellee had sent to appellant in Wisconsin a conditional sales contract of a third party and the amount thereof had been credited to appellee's account.

Based upon these facts the trial court concluded, as a matter of law, that the plea in abatement should be sustained.

The findings of fact do not support the conclusions of law and the case therefore must be reversed. The statement made by appellant's representative that repairs or replacement parts could be secured at Houston, Texas, is no evidence of the existence of a branch office operated by appellant within the State of Texas. The fact that an attorney employed to collect a debt due a foreign corporation secures a promissory note representing the debt, does not show that the corporation is doing business in the State within the meaning of Article 1529. Baldwin Music Shop, Inc. v. Watson, Tex.Civ.App., 88 S.W.2d 516; Norton v. W. H. Thomas & Sons, Tex.Civ.App., 93 S.W. 711. The fact that the first sale to appellee was effected through a soliciting agent or representative of appellant, would not make the transaction an intrastate transaction. York Mfg. Co. v. Colley, 247 U.S. 21, 62 L. Ed. 963, 38 S.Ct. 430, 11 A.L.R. 611; Southern Discount Company v. Rose, Tex.Com.App., 296 S.W. 482; Southern Discount Co. v. Rose, Tex.Civ.App., 290 S.W. 861. None of the other facts found by the trial court justify its conclusion that appellant was doing an intrastate business.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.